**THE LAW OFFICE OF**
**ALEXANDRA KAZARIAN**
644 South Figueroa Street
Los Angeles, California 90017-3411
Telephone: (213) 290-2478
Facsimile: (213) 232-3255
ak@alexkazlaw.com
**ALEXANDRA KAZARIAN SBN 244494**

*Attorney for Defendant*, ALEX AND ANI, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILAN HASSID, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALEX AND ANI, LLC., a Rhode Island corporation; DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00679-FMO-JC<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Date: August 14, 2025<br>Time: 10:00 a.m.<br>Ctrm.: 6D<br>Judge: Hon. Fernando M. Olguin |

## MEMORANDUM OF POINTS AND AUTHORITY

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant Alex and Ani, LLC ("Defendant") submits this reply brief in support of its Motion to Dismiss Plaintiff Milan Hassid's ("Plaintiff") Class Action Complaint. Plaintiff's opposition fails to address the fundamental deficiencies in the Complaint, including the lack of Article III standing, the absence of personal jurisdiction, and the failure to state a claim under the California Invasion of Privacy Act ("CIPA").

Specifically, Plaintiff seeks to apply a penal statute designed for law enforcement tracking of telecommunications to Defendant's participation in what can only be described as commonplace website functionality. Yet the Complaint fails to allege any actual harm or a plausible statutory violation. While some courts have noted the novel theories driving this wave of CIPA filings, inventive pleading cannot substitute for Article III standing, nor can it rewrite the statutory text. The Complaint fails at every level: jurisdictionally, technically, and legally.

## II. ARGUMENT

### A. "Fingerprinting" Is Not Trap-and-Trace Technology.

Courts have found that routine collection of browser and device metadata, without more, does not constitute actionable trap-and-trace activity under CIPA, especially where there is no allegation that sensitive or personally identifiable

information was submitted or collected. *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020) ("*In re Facebook*"). *Contrast Rodriguez v. Autotrader.com, Inc.*, 2025 WL 65409, at *3 (C.D. Cal. Jan. 8, 2025) *with Moody v. C2 Educ. Sys. Inc.*, 2024 WL 356167, at *3 (C.D. Cal. July 25, 2024).

Defendant maintains that the 2022 amendment to CIPA did not transform the statute to apply outside of the scope of telephonic communications, as was its original intended use. *In re Facebook*, 956 F.3d at 598 ("[T]he California legislature intended to protect ... historical privacy rights [which] have long been actionable at common law […] when they passed [...] CIPA.") (quotation marks omitted). *See e.g.*, Assemb. Comm. on Pub. Safety, Analysis of Assemb. Bill No. 929 (CA, 2015-2016 Reg. Sess.) at 1011 (clarifying that PRTTs allow law enforcement to determine "which people" are "communicating with one another and at white times."). However, even if the CIPA amendments in 2022 were intended to apply to certain technologies used on commercial websites, the "fingerprinting" technology used on Defendant's website is not actionable trap-and-trace technology under CIPA. Cal. Pen. Code § 638.50(c).

Plaintiff does not actually claim that Defendant ever collected *his* information – name, date of birth, address, or any other piece of identification. Compl. ¶ 13. Plaintiff's theory relies entirely on what TikTok *may* do with anonymous data collected from millions of users across the web, not

Defendant's specific data. Id. ¶¶ 10-18. Moreover, extracting anonymous data from anyone is not trap-and-trace activity by Defendant. It is at most a speculative downstream action by a third party and both falls outside the scope of CIPA-covered actions and falls short of Article III injury-in-fact pleading requirements. *See Rodriguez v. Autotrader.com, Inc.* 2025 WL 65409 (C.D. Cal. Jan 8, 2025) (recognizing that landing on a page that utilizes tracing technology does not rise to a CIPA violation). *See also TransUnion*, 594 U.S. 413, 424 (2021) (holding that a "concrete harm" is one which has a "close relationship" to harm which would traditionally form a basis for a lawsuit in American courts).

**B. <u>Even if CIPA § 638.51 Plausibly Covers the Tracking Software at Issue, Plaintiff Fails to Allege That the Information Collected Caused Injury In Fact.</u>**

Courts have recognized that not all technologies which may be "trap-and-trace" actually cause injury sufficient for a plaintiff, let alone a class action, to proceed. *Rodriguez v. Autotrader.com, Inc.* 2025 WL 65409 (C.D. Cal. Jan 8, 2025) ("not all information will qualify; the information must be sufficiently personal or sensitive that its disclosure is harmful.") (citing *Byars* and *Mikulsky*) (finding that plaintiff failed to demonstrate she suffered injury in fact).

Even if the 2022 amendment effectively modernized the CIPA in such a way that it now applies to some digital surveillance tools, **'fingerprinting,'**

**does not meet the statutory definition of 'trap and trace' technology.** *See Aviles v. LiveRamp, Inc.*, Cal. Super. Ct. (2024) (sustaining demurrer where complaint did not allege technology captured dialing, routing, or addressing information beyond standard internet operations); *Sanchez v. Cars.com, Inc.*, Cal. Super. Ct. (Feb. 14, 2023) (sustaining demurrer under § 638.51 because collecting IP addresses is a standard website function, not a trap and trace violation).

As Plaintiff's injury, Plaintiff alleges only that Plaintiff "landed" on Defendant's website and that TikTok's software collected browser and device information, geographic data, and referral URLs. Compl. ¶ 10. This kind of basic telemetry is automatically shared by browsers in every internet request and is not the type of personal or sensitive information contemplated by § 638.51. *See Rodriguez v. Autotrader.com, Inc.* 2025 WL 65409 (C.D. Cal. Jan 8, 2025) (recognizing that landing on a page that utilizes tracing technology does not rise to a CIPA violation). Plaintiff does not allege that he submitted any data, filled out any form, or otherwise provided personally identifiable information that TikTok could "match" or associate with him directly. Compl. ¶¶ 10-18.

Additionally, while the District Court for the Central District of California denied the defendant's motion to dismiss the plaintiff's CIPA Section 638.51 claim under similar circumstances in *Moody v. C2 Educ. Sys.*

*Inc.*, 742 F. Supp. 3d 1072, 1075 (C.D. Cal. 2024), that case is nonetheless distinguishable here. In *Moody*, the plaintiff alleged that the defendant, an online tutoring program, violated CIPA by embedding a TikTok marketing pixel on its website and collecting sensitive information from not just users generally, but the plaintiff specifically, without obtaining prior consent. *Id.* at 1075. In contrast, Plaintiff's claim for injury here rests solely on Plaintiff's landing on the website, and his claim must therefore be dismissed. Compl. ¶¶ 9-10. *See Rodriguez v. Autotrader.com, Inc.* 2025 WL 65409 (C.D. Cal. Jan 8, 2025) (recognizing that landing on a page that utilizes tracing technology does not rise to a CIPA violation). *See also TransUnion*, 594 U.S. 413, 424 (2021) (holding that a "concrete harm" is one which has a "close relationship" to harm which would traditionally form a basis for a lawsuit in American courts).

**C. <u>This Court Cannot Exercise Personal Jurisdiction Over Defendant.</u>**

The new case to which Plaintiff cites in his attempt to argue that this Court has personal jurisdiction over Defendant does not save his Complaint. In *Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025), the plaintiff alleged that the ecommerce site called Shopify, without his knowledge or consent, installed "cookies" on his device upon his purchase of athletic wear. *Id.* at 746. The Court of Appeal affirmed in *Briskin* what has already become relatively well-established law: that the *permanent installation* of technology known as

"cookies," which *continuously* extract identifying information from the device upon which they are *installed* is the kind of specific contact which will confer personal jurisdiction. *Id.* at 746, 750-756. The court reasoned that, "as a part of its regular course of business, Shopify is alleged to target California consumers to extract, collect, maintain, distribute, and exploit for its own profit, not only the California consumers' payment information that it diverts to its own servers, but also all of the other personal identifying information that it extracts from the software it **permanently installs** on their devices without their knowledge or consent." *Briskin*, 135 F.4th at 755–56. The court stressed that "[i]n particular, Shopify's **installation** of software onto unsuspecting Californians' devices and extracting personal data from them is the kind of contact that would tend to cause privacy injuries." *Id.* at 760.

Here, very plainly, Plaintiff alleges that the TikTok software in question collects anonymous information. Compl. ¶ 10. Nowhere on the face of Plaintiff's Complaint does he expressly allege that Defendant specifically extracted Plaintiff's identifying, sensitive information or maintained a continuous tracker on Plaintiff in such a way that a "cookie" does. *See generally* Compl. Rather, in a wholly conclusory fashion, Plaintiff's sole explanation for why this Court has personal jurisdiction is that, "on information and belief, Defendant has purposefully directed its activities to the Central District of California by regularly engaging with individuals in California

through its website. Defendant's illegal conduct is directed at and harms California residents, including Plaintiff, and if not for Defendant's contact with the forum, Plaintiff would not have suffered harm." Compl. ¶ 2.

Courts do not find such conclusory allegations sufficient to confer personal jurisdiction over foreign corporate defendants. "The defendant must have '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.' " *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017). *Briskin* does not change anything. Plaintiff has not met his burden and stated a *prima facie* case for general or specific jurisdiction. Plaintiff does not allege as the Plaintiff in *Briskin* alleged that the Defendant knew of Plaintiff's location. *Compare* Compl. ¶ 2 ("Defendant has purposefully directed its activities to the Central District of California by regularly engaging with individuals in California through its website") *with Briskin*, *supra* at 760 ("Briskin's claims "arise out of" Shopify's contact with Briskin's device, which Shopify allegedly knew was in California"). Accordingly, Plaintiff's Complaint is still subject to dismissal. *See Heiting v. Marriott Int'l, Inc.*, 743 F. Supp. 3d 1163 (C.D. Cal. 2024) (dismissing CIPA case for lack of personal jurisdiction).

///

///

///

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

DATED: July 31, 2025

**THE LAW OFFICE OF ALEXANDRA KAZARIAN**

By: */s/ Alexandra Kazarian*
ALEXANDRA KAZARIAN
*Attorneys for Defendant,*
ALEX AND ANI, LLC

**CERTIFICATE OF COMPLIANCE**

**WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS,**

**AND TYPE STYLE REQUIREMENTS**

The undersigned, counsel of record for Defendant, certifies that this brief contains 1,590 words, which complies with the word limit of L.R. 11-6.1.

DATED: July 31, 2025

**THE LAW OFFICE OF**
**ALEXANDRA KAZARIAN**

By: _*/s/ Alexandra Kazarian*_
ALEXANDRA KAZARIAN
*Attorneys for Defendant,*
ALEX AND ANI, LLC

**PROOF OF SERVICE**

I, Alexandra Kazarian, declare:

I am a citizen of the United States and employed in the State of California. I am over the age of 18 years and am not a party to the within-entitled action. My business address is 644 S. Figueroa Street, Los Angeles, California 90017.

On July 31, 2025, I electronically filed via my electronic service address (ak@alexkazlaw.com) the attached document:

**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

Robert Tauler
Narain Kumar
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, CA 90017
213-927-9270
Email: robert@taulersmith.com
Email: nkumar@taulersmith.com
*Attorneys for Plaintiff Milan Hassid*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 31, 2025, at Los Angeles, California.

/s/Alexandra Kazarian
*Alexandra Kazarian*