**THE LAW OFFICE OF**
**ALEXANDRA KAZARIAN**
644 South Figueroa Street
Los Angeles, California 90017-3411
Telephone: (213) 290-2478
Facsimile: (213) 232-3255
ak@alexkazlaw.com
**ALEXANDRA KAZARIAN SBN 244494**

*Attorney for Defendant*, ALEX AND ANI, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MILAN HASSID, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALEX AND ANI, LLC., a Rhode Island corporation; DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00679-FMO-JC<br>Docket No.: 38<br>*The Hon. Fernando M. Olguin Presiding*<br><br>**DEFENDANT ALEX AND ANI LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED RELIEF** |

Defendant Alex and Ani, LLC ("Defendant") opposes Plaintiff's Motion for Limited Relief (Dkt. 33). The Motion is the product of Plaintiff's own lack of diligence, seeks to paper over self-created timing problems, and offers no good cause to disturb a schedule the Court has already emphasized must be honored.

## I. Introduction

Plaintiff's own documents show he had months to bring any discovery dispute to the Court and chose not to. Plaintiff sent a lengthy August 12, 2025 meet-and-confer letter cataloguing his demands, and there was ample runway to move to compel within the existing schedule. Instead, Plaintiff sat on his hands until days before the cutoff and now asks the Court to retroactively excuse that delay. That is not "good cause"; it is the paradigm of avoidable self-inflicted prejudice.

## II. Relevant Background

Plaintiff's August 12, 2025 M&C letter asserted wholesale non-responses and threatened a motion to compel. Dkt. No. 35-5. If Plaintiff truly believed time was of the essence, Rule 37 and the Local Rules provided a straightforward path to relief well before the deadline. Fed. R. Civ. P. 37; L.R. 37-3.

On September 19, 2025, Plaintiff noticed a Rule 30(b)(6) deposition for October 1, 2025. Dkt. No. 35-7. Again, if Defendant's position was

noncompliance, Plaintiff's remedy was a prompt motion supported by a non-cooperation declaration—not a late-breaking, end-of-period scramble.

Crucially, Plaintiff took no affirmative action whatsoever until after the Court issued its October 15, 2025 Order to Show Cause. Only once compelled by that OSC did Plaintiff file anything at all—his October 17, 2025 Response, coupled with a belated Motion for Limited Relief. Dkt. Nos. 34, 35. This reactive posture underscores the absence of diligence. Plaintiff did not move to compel, did not file a non-cooperation declaration, and did not alert the Court to any "months of silence" until after the Court itself intervened. The docket reflects a pattern of waiting for judicial prompting rather than exercising the initiative the Rules demand.

## III. Argument

a. Plaintiff cannot show diligence; the record shows delay despite ample tools to act; Rule 16 requires more.

Good cause to modify a scheduling order turns on diligence. Fed. R. Civ. P. 16(b)(4). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff's own August 12 letter proves he knew of the dispute with time to bring a motion but nevertheless did not. Instead, Plaintiff served a notice of deposition under Rule 30(b)(6) on October 1, just days before the discovery cutoff, a tactic at odds with the Court's expectation that discovery disputes must

be raised and resolved well in advance of deadlines, not at the brink. L.R. 37-3. Dkt. No. 19.

Under Rule 16, the Court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment" to a court's pretrial schedule. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking extension." *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment). "If the party was not diligent, the inquiry should end." Johnson, 975 F.2d at 609. In the absence of any showing of diligence or explanation for his failure to timely move to compel after receiving no response to his August 12, 2025 meet-and-confer letter, Plaintiff cannot now obtain relief simply because the Court's subsequent Order has brought his own missed deadline to his attention.

b. <u>The Local Rules gave Plaintiff a remedy when meet-and-confer hit a wall; he did not use it.</u>

The Court has already pointed counsel to L.R. 37-2.4: proceed with the motion and file a declaration establishing the other side's failure to confer, provide a joint stipulation, or sign. Plaintiff's Motion seeks to convert his choice not to deploy that rule into "good cause" to reopen the schedule. That is the wrong incentive structure and precisely why the Local Rule exists.

c. <u>Any perceived communication gap does not justify post-hoc schedule surgery.</u>

Defendant has explained that earlier emails were filtered to spam; Plaintiff still opted not to call, follow up effectively, or utilize the non-cooperation declaration pathway. The Court should not reward that litigation choice with relief that shifts the burden onto Defendant and the Court's calendar.

## IV. Conclusion

Plaintiff's scheduling problem is of his own making. The Motion should be denied.

DATED: October 23, 2025

**THE LAW OFFICE OF ALEXANDRA KAZARIAN**

By: *_/s/ Alexandra Kazarian*
ALEXANDRA KAZARIAN
*Attorneys for Defendant,*
ALEX AND ANI, LLC

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Alex and Ani, LLC, certifies that this brief contains 746 words, which complies with the word limit of L.R. 11-6.1.

DATED: October 23, 2025

**THE LAW OFFICE OF ALEXANDRA KAZARIAN**

By: _/s/ Alexandra Kazarian_
ALEXANDRA KAZARIAN
*Attorneys for Defendant,*
ALEX AND ANI, LLC

**PROOF OF SERVICE**

I, Alexandra Kazarian, declare:

I am a citizen of the United States and employed in the State of California. I am over the age of 18 years and am not a party to the within-entitled action. My business address is 644 S. Figueroa Street, Los Angeles, California 90017.

On October 22, 2025, I electronically filed via my electronic service address (ak@alexkazlaw.com) the attached document:

**DEFENDANT ALEX AND ANI LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED RELIEF**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

Robert Tauler
Narain Kumar
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, CA 90017
213-927-9270
Email: robert@taulersmith.com
Email: nkumar@taulersmith.com
Attorneys for Plaintiff Milan Hassid

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 23, 2025, at Los Angeles, California.

*/s/Alexandra Kazarian*
*Alexandra Kazarian*