**THE LAW OFFICE OF**
**ALEXANDRA KAZARIAN**
644 South Figueroa Street
Los Angeles, California 90017-3411
Telephone: (213) 290-2478
Facsimile: (213) 232-3255
ak@alexkazlaw.com
**ALEXANDRA KAZARIAN SBN 244494**

*Attorney for Defendant*, ALEX AND ANI, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MILAN HASSID, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALEX AND ANI, LLC., a Rhode Island corporation; DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00679-FMO-JC<br>*The Hon. Fernando M. Olguin Presiding*<br><br>**DEFENDANT ALEX AND ANI LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM ALEX AND ANI LLC**<br><br>DATE: Tuesday, December 9, 2025<br>TIME: 9:30<br>CTRM: 750<br>JUDGE: Hon. Jacqueline Chooljian |

## MEMORANDUM OF POINTS AND AUTHORITY

## I. INTRODUCTION

Plaintiff Milan Hassid's ("Plaintiff") Motion to Compel Discovery Responses ("Motion") is untethered from both the present procedural posture of this case and the governing legal standards. As of today, Defendant Alex and Ani, LLC ("Defendant") has served full written responses—without objections—to each of Plaintiff's Requests for Production and Special Interrogatories. The request for an order compelling responses is therefore moot.

What remains of Plaintiff's Motion consists of an assortment of extraordinary requests: an order compelling a Rule 30(b)(6) deposition despite Defendant's unequivocal disclosure that no such witness exists; and sweeping issue sanctions that would effectively adjudicate the merits of the action without a single evidentiary submission, fact witness, or expert report. These requests are legally insupportable. Issue sanctions cannot be imposed absent (1) a willful violation of a court order or (2) bad-faith litigation misconduct. Here, no court order was violated and Defendant has acted in good faith at every turn. To the extent any delay occurred, it resulted from a previously unknown technological filtering issue—not misconduct, and certainly not willfulness.

Plaintiff's Motion is, in substance, a reactionary filing brought only after the Court issued its Order to Show Cause for reasons wholly unrelated to written discovery. Having failed to pursue discovery diligently within the timeline set by

the Court, Plaintiff now attempts to retrofit the procedural record to justify an untimely and unnecessary motion. The Court should decline that invitation. The Motion should be denied in its entirety.

## II. STATEMENT OF FACTS

Plaintiff's Motion cannot be understood without appreciating the chronology that preceded it. That chronology demonstrates not diligent pursuit of discovery, but sustained inaction followed by a belated effort to recast the record after the Court issued its October 15, 2025 Order to Show Cause. Dkt. No. 32.

Plaintiff first asserted concerns regarding Defendant's discovery responses in a letter dated August 12, 2025. Dkt. 41-7. That correspondence did not prompt any follow-up communication. Kazarian Decl., ¶ 4. Plaintiff did not telephone defense counsel to determine whether the letter had been received; did not send a confirming version through an alternate address; did not visit defense counsel's office to have a discussion. Kazarian Decl., ¶ 4. Nothing prevented Plaintiff from taking any of these actions.

Plaintiff's inaction is more striking in light of Defendant's Initial Disclosures, served on May 19, 2025. Those disclosures make it clear that Defendant foreclosed all its assets in an Article 9 foreclosure on July 24, 2024, and consequently lacks any employee, officer, or agent with knowledge of the subjects identified in Plaintiff's claims. Kazarian Decl., ¶ 5. The disclosures left

no doubt: no Rule 30(b)(6) witness exists with responsive knowledge. Kazarian Decl., ¶ 5. Despite this, Plaintiff unilaterally noticed a deposition purporting to require Defendant to produce a witness who, by Plaintiff's own knowledge at that time, could not exist. Dkt. No. 41-8. Plaintiff did not inquire, clarify, or attempt to resolve this inconsistency. He simply allowed the discovery period to run.

The discovery cutoff passed without Plaintiff having brought a motion to compel, without his having initiated meaningful meet-and-confer efforts, and without his having sought any extension of deadlines. Only after the Court issued its Order to Show Cause—addressing compliance with mediation obligations and not discovery—did Plaintiff file the present Motion, seeking leave to compel responses he had made no timely effort to pursue. Dkt. No. 32; 40.

This procedural history reveals not diligence on Plaintiff's part, but a lack of engagement with the Federal Rules, the Local Rules, and this Court's directives. It further reflects an effort to shift responsibility for Plaintiff's own strategic silence. Although Defendant briefly did not receive certain communications due to inadvertent spam filtering, that technological issue was promptly resolved, and Defendant has now provided complete responses to all written discovery. Kazarian Decl., ¶ 3. Plaintiff's Motion thus arrives both out of time and without purpose.

//

//

**a. Plaintiff's Pattern of Delay and Blame**

Plaintiff's pattern of delay and blame is not new. Rather, the first instance on the record is the Rule 26(f) Report. Plaintiff's counsel, Mr. Narain Kumar, first contacted Defendant's counsel on April 9, 2025, to propose a Rule 26(f) conference. *See* Dkt. No. 16-1. The Court had scheduled the Rule 26(f) report deadline for April 24, 2025, meaning that the parties were required to confer by April 3, 2025, under Rule 26(f)(1). Yet Mr. Kumar's April 9 communication was six days late and falsely stated that the Rule 26(f) report was due the following day. *See* Dkt. No. 16-2. Plaintiff's subsequent Rule 26(f) report was filed the next day, also late. *See* Dkt. No. 16. This early misstep foreshadowed the same procedural laxity that now characterizes Plaintiff's Motion for Limited Relief.

**b. Ample Time to Move to Compel**

Plaintiff's August 12, 2025 letter raised issues with Defendant's discovery responses. Had Plaintiff intended to move to compel, he could have done so well before the discovery cutoff. Plaintiff could have called Defense counsel to inquire into the silence and ensure that Plaintiff's counsel's correspondence was reaching Defense counsel. Plaintiff's counsel could have walked across the street to the offices of Defense counsel to have an in-person meet and confer conference, as is preferred by the Federal and Local rules. Instead, Plaintiff's counsel sent another meet-and-confer request just two days before the discovery cutoff, in direct contravention of the Court's Standing Order requiring that all discovery

disputes be raised and resolved "well in advance of the cutoff," meaning that all discovery motions be noticed, served, and filed at least twenty-one days before the cutoff and that all meet and confer efforts take place at least seven weeks in advance. L.R. 37-3. Dkt. No. 19.

## III. ARGUMENT

### A. The Request to Compel Written Discover is Moot.

The only relief that Rule 37(a) can provide has already been achieved. Defendant has now served complete written responses—without objections—to all written discovery. A motion to compel becomes moot once the requested responses have been served. Because Plaintiff now possesses the very material he sought, there is no remaining controversy.

### B. An Order Compelling a Rule 30(b)(6) Deposition Would be Futile.

Rule 30(b)(6) does not require an entity to produce a witness who does not exist or to fabricate knowledge it does not possess. Defendant's Initial Disclosures made clear that it did not operate the website during the period relevant to Plaintiff's allegations and therefore has no personnel capable of testifying about Plaintiff's noticed topics. Plaintiff was fully aware of this, yet chose to notice a deposition anyway. Compelling a deposition under these circumstances would not advance discovery; it would merely compel Defendant to present an unknowledgeable witness to speculate about matters outside the

company's experience. That result is inconsistent with the purpose and structure of Rule 30(b)(6).

**C. Plaintiff's Request for Issue Sanctions is Legally Untenable.**

Issue sanctions are the most severe non-terminating sanctions available and require a specific finding that the sanctioned party either violated a court order or acted in bad faith. *Caputo v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111, 1148 (9th Cir. 2024). No such finding can be made here. The Court has never issued an order compelling discovery responses, let alone one that Defendant violated. Nor is there any basis for concluding that Defendant acted in bad faith. Defense counsel has submitted a declaration explaining that the temporary non-response resulted solely from a previously undetected spam-filtering issue. The Ninth Circuit has made clear that inadvertence cannot support sanctions under the Court's inherent authority. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) ("Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that counsel's conduct "constituted or was tantamount to bad faith.").

Additionally, the sweeping liability findings Plaintiff asks the Court to deem "established" would effectively decide the merits of the case in Plaintiff's favor without evidence and in the absence of any violation of the Court's directives. Without bad faith, sanctions are wholly improper.

//

**C. No Sanctions of Any Kind are Warranted.**

Even monetary sanctions require a showing of bad faith. Moreover, the showing of bad faith must be unequivocal. "The Supreme Court explained in *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108, 137 S.Ct. 1178, 197 L.Ed.2d 585 (2017), that when an inherent power sanction is punitive rather than compensatory, the court must "provide procedural guarantees applicable in criminal cases, such as a 'beyond a reasonable doubt' standard of proof." *Caputo v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111, 1162 (9th Cir. 2024). Defendant acted promptly and in good faith once the inadvertent email-filtering issue was discovered. Plaintiff's Motion—filed after the fact and after the OSC—cannot supply the foundation for sanctions of any kind.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion to Compel in its entirety.

DATED: November 18, 2025

**THE LAW OFFICE OF ALEXANDRA KAZARIAN**

By: _/s/ Alexandra Kazarian_
ALEXANDRA KAZARIAN
*Attorneys for Defendant,*
ALEX AND ANI, LLC

# PROOF OF SERVICE

I, Alexandra Kazarian, declare:

I am a citizen of the United States and employed in the State of California. I am over the age of 18 years and am not a party to the within-entitled action. My business address is 644 S. Figueroa Street, Los Angeles, California 90017.

On November 18, 2025, I electronically filed via my electronic service address (ak@alexkazlaw.com) the attached document:

**DEFENDANT ALEX AND ANI LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM ALEX AND ANI LLC**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

Robert Tauler
Narain Kumar
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, CA 90017
213-927-9270
Email: robert@taulersmith.com
Email: nkumar@taulersmith.com
Attorneys for Plaintiff Milan Hassid

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 18, 2025, at Los Angeles, California.

*/s/Alexandra Kazarian*
*Alexandra Kazarian*