Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Narain Kumar, Esq. (SBN 301533)
nkumar@taulersmith.com
**TAULER SMITH LLP**
626 Wilshire Boulevard, Suite 550
Los Angeles, California 90017
Tel: (213) 927-9270

*Attorneys for Plaintiff*
*Milan Hassid*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MILAN HASSID, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>ALEX AND ANI, LLC, a Rhode Island corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:25-cv-00679-FMO-JC<br><br>**PLAINTIFF MILAN HASSID'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT ALEX AND ANI LLC**<br><br>DATE: Tuesday, December 9, 2025<br>TIME: 9:30<br>CTRM: 750<br>JUDGE: Hon. Jacqueline Chooljian |

# TABLE OF AUTHORITIES

**I. INTRODUCTION ........................................................................ 3**

**II. CHRONOLOGY OF DEFENDANT'S DISCOVERY FAILURES ............ 3**

**III. ARGUMENT ........................................................................ 4**

A. DEFENDANT'S SHAM RESPONSES DO NOT MOOT THE MOTION TO COMPEL OR MONETARY SANCTIONS ........................................................................ 5

B. DEFENDANT'S DISCOVERY RESPONSES ARE AN OBVIOUS SHAM ..................... 6

C. A RULE 30(B)(6) DEPOSITION WOULD NOT BE FUTILE ................................. 10

D. PLAINTIFF IS ENTITLED TO ISSUE SANCTIONS ............................................ 11

**IV. CONCLUSION ........................................................................ 12**

**LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE ......................... 13**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Alex and Ani, LLC's Opposition fails to rebut any of the factual or legal points in Plaintiff Milan Hassid's Motion to Compel and further demonstrates why Plaintiff's Motion must be granted and sanctions awarded. Defendant's Opposition only confirms the pattern of noncompliance detailed in Plaintiff's Motion: Defendant ignored written discovery for months, failed to appear for its properly noticed Rule 30(b)(6) deposition, refused to meet and confer despite repeated outreach, and engaged with the issue only after this Court issued an Order to Show Cause. The chronology is undisputed and dispositive.

The only thing that has changed is that shortly before Defendant filed its Opposition it served responses to Plaintiff's RFPs and Interrogatories that are largely identical and uniformly non-responsive, the interrogatory responses were not signed by a witness, and many of the responses are blatantly false.

## II. CHRONOLOGY OF DEFENDANT'S DISCOVERY FAILURES

- <u>April 18, 2025</u>: Plaintiff served Requests for Production and Special Interrogatories on April 18, 2025.
- <u>May 19, 2025</u>: Responses Due but Defendant served no responses, no objections, and sought no extension.
- <u>June 27 & July 7, 2025:</u> Defense Counsel Communicates on Motion to Dismiss and Plaintiff raised overdue discovery twice, but Defendant

ignored it both times.

- August 12, 2025: Plaintiff Sends Meet-and-Confer Letter Defendant did not respond.
- September 19, 2025: Plaintiff Serves Rule 30(b)(6) Deposition Notice for October 1. Defendant remained silent and failed to appear.
- October 2025: Court Issues an OSC and Defendant responds to Plaintiff for the first time in months.
- November 3, 2025: The District Court Grant's Plaintiff Motion for Leave to file the Motion to Compel.
- November 18, 2025: Defendant Serves Sham Discovery Responses less than an hour before filing its Opposition to Plaintiff's Motion to Compel.

## III. ARGUMENT

None of Defendant's arguments have any validity or even a plausible factual or legal basis. Defendant does not provide any substantive facts to rebut anything in Plaintiff's Motion and simply ignores all of Plaintiff's legal arguments. Defendant instead repeatedly blames Plaintiff for its own failings and, now for the very first time, provides discovery responses that are an obvious sham to try to avoid the consequences of its own actions.

Defendant starts its Opposition by blaming Plaintiff for its own failure to participate in any Rule 26(f) conference and falsely asserting that the Rule 26(f) report Plaintiff was forced to write without any communications from Defendant

was filed late. Except it wasn't filed late, and it wasn't Plaintiff's job to hold Defendant's hand and make sure it did what the Federal Rules of Civil Procedure required of it. Defendant then argues that Plaintiff had ample time to move to compel, but this ignores that the District Court expressly granted Plaintiff leave to file ***this exact Motion to Compel***. Notably, less than a week after Plaintiff's filing seeking leave to file this Motion to Compel, the District Court *sua sponte* ordered Defendant to file its opposition the very next day. Dkt. 37. The Court then promptly issued an order granting Plaintiff's request just ten days after the reply brief was filed. This appropriately reflects the seriousness of Defendant's conduct throughout discovery in this case.[1]

### A. Defendant's Sham Responses do not Moot the Motion to Compel or Monetary Sanctions

Defendant's arguments that no sanctions are justified and the Motion to Compel is moot because it served responses is entirely erroneous and directly contradicted by the plain text of Rule 37:

> If the motion is granted—**or if the disclosure or requested discovery is provided after the motion was filed—the court must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that

[1] Defendant's explanation about a rogue "spam filter" issue is simply not credible because Defendant's counsel had already exchanged emails with Plaintiff's counsel from that email address and Defendant's counsel ignored those same requests in emails that undoubtedly were seen because Defendant's counsel replied to them.

> conduct, or both to **pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.**

Rule 37(a)(5)(A) (emphasis added). Defendant cannot simply provide half-baked discovery responses at the last minute that are blatantly inaccurate to simply avoid all liability for its discovery violations. Defendant argues that monetary sanctions under a court's inherent powers require "unequivocal bad faith" proven beyond a reasonable doubt, Opp'n at 8, but (1) the monetary sanctions Plaintiff seeks are compensatory and not punitive, and (2) Plaintiff's Motion seeks monetary sanctions expressly required under provisions of Rule 37 and not the Court's inherent authority.

- Moot because they served responses
- deposition would be futile
- not entitled to issue sanctions
- No sanctions at all

**B. Defendant's Discovery Responses are an Obvious Sham**

Defendant's argument in its sham discovery responses it just served is that it did not have control over its own website at the time of Plaintiff's visit. *See* Kumar Decl., Exs. 3-4. But the most Defendant ever stated was that "assets" were sold without ever identifying what specifically was sold or who it was sold to, or even providing a scintilla of evidence supporting this representation. And, even if

Defendant were correct in some way the discovery responses it provided are still riddled with obvious falsehoods. Here are some examples:

- **SROG 1**: IDENTIFY each PERSON authorized by YOU to access, monitor, configure, or install the TIKTOK SOFTWARE on the WESBITE.
- **Defendant's Response:** Defendant did not operate the website during the period alleged and therefore has no persons authorized to access, monitor, configure, or install TikTok software on the website.
- **SROG 4**: State YOUR total amount of gross revenue in dollars generated from WEBSITE sales to PERSONS within California in 2022, 2023, 2024, and 2025.
- **Defendant's Response**: Defendant does not have information responsive to this interrogatory because it did not operate the website during the period alleged.
- **SROG 8:** IDENTIFY each PERSON that has knowledge about each database or other form of electronic storage containing USER DATA of people that visited the WEBSITE from March 1, 2022, through the present.
- **Defendant's Response:** Defendant does not have persons with responsive knowledge.

These are just a few examples of Defendant's interrogatory responses that are entirely evasive if not outright false. The fact that Defendant asserts it did not operate

the website during the period alleged, even if true (an assertion itself Defendant does not support with any evidence or even explain what the "period alleged" means), does not mean it lacks knowledge about the identity people that were authorized to install the TikTok Software. For the same reason, Defendant's response that it lacks information about sales and revenue from sales to people in California from 2022, 2023, and 2024, because it did not operate the website at the time of Plaintiff's visit to it is nonsensical. Similarly, Defendant as a company *must* have knowledge of who was running its website and where it was storing data it collected from 2022 onwards. If Defendant refuses to provide any information about sales and revenue related to purchases and shipments to California then it cannot meaningfully assert a defense of personal jurisdiction.

Defendant's RFP answers are obviously and equally deficient.

- **RFP 1:** All DOCUMENTS which refer to, evidence or reflect any agreements and/or contracts between YOU and TIKTOK relating to TIKTOK SOFTWARE or the WEBSITE. All DOCUMENTS which refer to, evidence or reflect any agreements and/or contracts between YOU and TIKTOK relating to TIKTOK SOFTWARE or the WEBSITE.
- **Response:** Defendant does not have any responsive documents. Defendant did not operate the website during the period alleged in the Complaint and therefore has no agreements or contracts with TikTok relating to TikTok software and the website.

This response just does not make any sense. It's impossible to know what Defendant means by the "period alleged" because there are no temporal restrictions in this RFP, but the only date Defendant has referenced at all is when unspecified secured assets were foreclosed upon on June 24, 2024, so Defendant has to produce any responsive documents prior to that date even by its own logic. Defendant however uses this logic to respond to the rest of the RFPs by identically responding that "Defendant has no responsive documents." But for the same reason that its unexplained assertions about the "period alleged" does not relieve it from responsibility for responding with documents it does have, asserting that it did not operate the website during the period alleged does not factually mean that Defendant lacks responsive documents to every single one of Plaintiff's RFPs. And Defendant has waived any objections regarding scope of the time period because it never responded.

And regardless of whatever Defendant is trying to assert regarding the date of sale of unspecified assets, that is irrelevant to Defendant's liability as a substantive matter. Penal Code § 638.51(a) states that "a person may not install or use a pen register or a trap and trace device" which means that even if Defendant didn't operate the website later on it can still be liable for having installed an illegal trap and trace device that illegally tracked people's browsing activities across the internet. Defendant must be compelled to provide full and complete answers to the requests as written and without regard to its own views on the appropriate time period. Defendant's interrogatory responses must also be signed "by the party to whom they

are directed" as required by Rule 33(b)(1)(A), not merely adding a /s/ and signature line.

**C. A Rule 30(b)(6) Deposition Would not be Futile**

Defendant asserts a deposition would be futile because it has no personnel capable of testifying about any topics. This is an issue Defendant was required to raise by seeking a protective order prior to the deposition, so it is procedurally waived. And Defendant is simply wrong because, as explained above, there is a substantial amount of highly relevant information which Defendant will be able to provide through a Rule 30(b)(6) deposition. Defendant doesn't just get to decide for itself that it doesn't need to designate and produce a deponent, but that's exactly what it's trying to do. This discovery violation is particularly egregious because it is entirely rooted in relevance, which is itself not even grounds to instruct a witness not to answer a question if had been properly raised on the record during the deposition. And nothing Defendant has argued or provided evidence for comes anywhere near establishing the good cause that would have been required to prohibit the Rule 30(b)(6) deposition even if Defendant had properly raised it by seeking a protective order. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

**D. Plaintiff is Entitled to Issue Sanctions**

Defendant finally argues that Plaintiff is not entitled to issue sanctions, but Defendant is clearly and unquestionably wrong. Defendant argues that "Issue sanctions are the most severe non-terminating sanctions available and require a specific finding that the sanctioned party either violated a court order or acted in bad faith." Opp'n at 7 (quoting *Caputo v. Tungsten Heavy Powder, Inc.*, 96 F.4th at 1148). But as explained above, Caputo concerns sanctions under the Court's inherent authority and does not address sanctions imposed under other bases such as Rule 37. And Rule 37(d)(3) expressly authorizes issue sanctions under Rule 37(b)(2)(A)(i) "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." Such sanctions here also would not decide the merits of the case because there would still be important issues left to resolve.

Finally, it is worth noting that Defendant does not argue against evidentiary preclusion sanctions under Rule 37(b)(2)(A)(ii) "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Because Defendant does not oppose those sanctions the Court should grant the evidentiary preclusion sanctions under that provision in their entirety.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel should be granted.

DATED: November 25, 2025

**TAULER SMITH LLP**

By: */s/ Narain Kumar*

Narain Kumar, Esq.
*Attorney for Plaintiff*
*Milan Hassid*

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Milan Hassid, certifies that this brief contains 1,978 words, which complies with the word limit of Local Rule 11-6.1.

DATED: November 25, 2025

**TAULER SMITH LLP**

By: */s/ Narain Kumar*

Narain Kumar, Esq.
*Attorney for Plaintiff*
*Milan Hassid*