Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Jaymie Parkkinen, Esq. (SBN 318394)
jparkkinen@taulersmith.com
**TAULER SMITH LLP**
626 Wilshire Boulevard, Suite 550
Los Angeles, California 90017
Tel: (213) 927-9270

*Attorneys for Plaintiff*
*Milan Hassid*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MILAN HASSID, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

ALEX AND ANI, LLC, a Rhode Island corporation; and DOES 1 through 25, inclusive,

Defendants.

Case No. 2:25-cv-00679-FMO-JC

**PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER EXTENDING DEADLINE TO FILE MOTION FOR CLASS CERTIFICATION**

*Dist. Judge: Hon. Fernando M. Olguin*
*Mag. Judge: Hon. Jacqueline Chooljian*

## NOTICE OF *EX PARTE* APPLICATION

**TO DEFENDANT ALEX AND ANI, LLC AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Milan Hassid ("Plaintiff") hereby applies *ex parte* for an order extending the deadline to file Plaintiff's motion for class certification from January 27, 2026 to April 30, 2026.

This Application is made pursuant to Local Rules 7-19 and 7-19.1, and is supported by the accompanying Memorandum of Points and Authorities and Declaration of Jaymie Parkkinen.

The Court's procedures require that any opposition must be filed within 24 hours or one court day after the *ex parte* application is filed.

Good cause exists to extend the class certification deadline because Plaintiff has a fully briefed discovery motion currently under submission, Dkt. 44, and requires additional time to obtain discovery from Defendant and to complete the Court-ordered class certification meet-and-confer and joint briefing process. Plaintiff met and conferred with Defendant on January 12 and 13, 2026 in a good faith attempt to obtain a stipulated extension, without success. Parkkinen Decl. ¶¶ 2-4. Plaintiff's counsel called Defendant's counsel[1] on the morning of January 14,

[1] Defendant's counsel is Alexandra Kazarian of The Law Office of Alexandra Kazarian, 644 S. Figueroa St., Los Angeles, CA 90017, and may be contacted at (213) 290-2478, ak@alexkazlaw.com.

2026 before filing this Application. *Id*. ¶ 5. Defendant did not indicate whether it would oppose this Application by the time of filing. *Id*. ¶ 6.

DATED: January 14, 2026

**TAULER SMITH LLP**

By: */s/ Jaymie Parkkinen*

Jaymie Parkkinen, Esq.
*Attorney for Plaintiff*
*Milan Hassid*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff respectfully requests an extension of the class certification motion deadline to allow the Court to rule on Plaintiff's pending discovery motion currently under submission, Dkt. 44, and to permit compliance with this Court's Standing Order Re: Motions for Class Certification ("Standing Order"), Dkt. 20. The Court's Scheduling and Case Management Order, Dkt. 19, sets January 27, 2026 as the deadline for any motion for class certification and requires compliance with the Standing Order, which includes an in-person meet and confer no later than 35 days before the motion deadline and a joint briefing process. Plaintiff's Motion to Compel seeks discovery and requests evidentiary sanctions based on Defendant's failure to attend its deposition. Dkt. 41. The motion is fully briefed and was taken under submission on December 4, 2025. Dkt. 44. Proceeding under the current class certification deadline would force Plaintiff to brief class certification without the benefit of the Court's ruling and without discovery to support class certification.

Plaintiff attempted in good faith to obtain a stipulated extension from Defendant. On January 12, 2026, Plaintiff's counsel contacted Defendant's counsel to request a stipulation, and on January 13, 2026, Defendant's counsel advised she was not authorized to so stipulate. Parkkinen Decl. ¶¶ 2-4. Plaintiff therefore requests an order extending the class certification motion deadline from January 27, 2026 to April 30, 2026. No other deadlines need be modified.

## II. ***EX PARTE*** **RELIEF IS APPROPRIATE AND GOOD CAUSE EXISTS TO EXTEND THE CLASS CERTIFICATION DEADLINE**

*Ex parte* relief is appropriate because a regularly noticed motion cannot be heard before the existing class certification deadline of January 27, 2026, and Plaintiff seeks narrow relief necessary to comply with the Court's Standing Order and to avoid prejudice. Regular motions must be noticed at least 28 days from filing, L.R. 6-1, and where there is not sufficient time, the Court may consider an *ex parte* application.

Local Rule 7-19 requires an *ex parte* application be supported by a memorandum and declaration and accompanied by a proposed order, and Local Rule 7-19.1 requires reasonable, good faith efforts to notify the opposing party and a declaration under oath describing those efforts, as well as whether the opposing party opposes the application. Plaintiff has satisfied each of those requirements. Parkkinen Decl. ¶¶ 2-5.

Moreover, good cause exists under Federal Rule of Civil Procedure 16(b)(4) to modify the scheduling order. In the Ninth Circuit, the schedule may be modified when it "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).

Here, Plaintiff has been diligent in pursuing discovery and in promptly seeking Court intervention only after Defendant's noncompliance made it necessary. Class certification will be decided on evidence that is largely in Defendant's possession, and Plaintiff has actively pursued that evidence through written discovery and deposition. When Defendant failed to provide discovery responses and failed to appear for its Rule 30(b)(6) deposition, Plaintiff did not sit on his hands. Plaintiff promptly filed a Motion to Compel seeking orders compelling compliant responses and Defendant's deposition appearance, as well as requesting evidentiary sanctions based on Defendant's failure to attend the deposition. Dkt. 41. The motion was fully briefed and has been under submission since December 4, 2025, Dkt. 44.

Plaintiff thus acted diligently to resolve the discovery issues well before the class certification deadline. What remains is the Court's ruling and the discovery that ruling may require, both of which directly bear on the evidentiary record for class certification. Having diligently pursued discovery and timely sought Court intervention, Plaintiff now seeks a reasonable extension because the existing January 27, 2026 deadline cannot be met while also complying with this Court's mandatory class certification procedures and while Plaintiff's discovery motion remains pending.

Specifically, the Scheduling and Case Management Order sets the class certification motion deadline and requires compliance with the Standing Order. The Standing Order requires, among other things, an in-person meet and confer no later

than thirty-five (35) days before the motion deadline, and a structured joint briefing process to be completed before filing. Without an extension, Plaintiff will be forced either to proceed with class certification without the benefit of the Court's ruling and without discovery the Court may compel, or to risk noncompliance with the Standing Order's required process—neither of which serves the orderly and efficient resolution of the case.

The requested extension to April 30, 2026 is reasonable and narrowly tailored. Plaintiff simply eeks additional time to obtain the Court's ruling on the motion to compel, to allow compelled discovery (and any associated depositions) to be completed, and to permit the parties to conduct the Court-required in-person meet and confer and joint briefing process in an orderly manner.

Plaintiff does not seek to modify any other deadlines, and this is Plaintiff's first request to extend the class certification deadline. Under these circumstances, extending the class certification deadline promotes compliance with the Court's procedures and ensures class certification is presented on a complete and properly developed record.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this *Ex Parte* Application and extend the deadline for Plaintiff to file a motion for class certification from January 27, 2026 to April 30, 2026, with all other dates and deadlines remaining unchanged.

DATED: January 14, 2026

**TAULER SMITH LLP**

By: */s/ Jaymie Parkkinen*

Jaymie Parkkinen, Esq.
*Attorney for Plaintiff*
*Milan Hassid*