**THE LAW OFFICE OF**
**ALEXANDRA KAZARIAN**
644 South Figueroa Street
Los Angeles, California 90017-3411
Telephone: (213) 290-2478
Facsimile: (213) 232-3255
ak@alexkazlaw.com
**ALEXANDRA KAZARIAN SBN 244494**

*Attorney for Defendant*, ALEX AND ANI, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MILAN HASSID, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALEX AND ANI, LLC., a Rhode Island corporation; DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00679-FMO-JC<br>*The Hon. Fernando M. Olguin Presiding*<br><br>**DEFENDANT ALEX AND ANI LLC'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER EXTENDING DEADLINE TO FILE MOTION FOR CLASS CERTIFICATION** |

## MEMORANDUM OF POINTS AND AUTHORITY

## I. INTRODUCTION

Plaintiff seeks extraordinary *ex parte* relief to extend a hard class-certification deadline of January 27, 2026 by more than three months—not because of newly arisen exigency, but to excuse Plaintiff's own prolonged inaction and failure to comply with this Court's Scheduling and Case Management Order and Standing Order governing class certification. *Ex parte* relief is not a vehicle for retrofitting the procedural record after months of neglect, nor for obtaining leniency unavailable to the opposing party. Because Plaintiff cannot show diligence, cannot show true exigency, and cannot justify disparate treatment under Rule 16(b)(4), the application should be denied.

## II. PROCEDURAL POSTURE

The Court's Scheduling and Case Management Order sets January 27, 2026 as the deadline to file any motion for class certification and requires compliance with the Court's Standing Order governing class certification motions, including an in-person meet and confer no later than thirty-five (35) days before the motion deadline and a joint briefing process. (Dkt. 19; Dkt. 20.)

Plaintiff did not initiate any meet-and-confer communications regarding class certification until January 12, 2026, fifteen (15) days before the Court-ordered deadline. Kazarian Decl., ¶ 10. Those communications were limited to Plaintiff's request for a stipulation extending the class certification deadline and

did not address the substance of any intended class certification motion. Kazarian Decl., ¶ 11. To date, Plaintiff has not contacted Defendant to meet and confer regarding the merits, scope, or evidentiary basis of class certification. Kazarian Decl., ¶ 12.

Earlier in the case, Plaintiff raised concerns regarding Defendant's discovery responses in a letter dated August 12, 2025. (Dkt. 41-7.) Plaintiff did not thereafter initiate any follow-up communications regarding that correspondence. Kazarian Decl., ¶¶ 3-4. Plaintiff did not telephone defense counsel, send a confirming communication through an alternate address, or request court intervention at that time. *Id.*

Defendant served its Initial Disclosures on May 19, 2025. Kazarian Decl., ¶¶ 2-3. Those disclosures stated that Defendant foreclosed all of its assets in an Article 9 foreclosure on July 24, 2024, and that Defendant did not have any employee, officer, or agent with knowledge of the matters identified in Plaintiff's claims. *Id.* The disclosures further indicated that Defendant lacked a Rule 30(b)(6) witness with responsive knowledge. Kazarian Decl., ¶ 5.

Notwithstanding those disclosures, Plaintiff noticed a deposition purporting to require Defendant to produce a Rule 30(b)(6) witness. (Dkt. 41-8.) Plaintiff did not seek clarification regarding Defendant's disclosures, did not raise the issue with the Court at that time, and did not file a motion to compel during the discovery period. Kazarian Decl., ¶ 6.

The discovery cutoff passed without Plaintiff having filed a motion to compel or having sought any extension of discovery deadlines. Id. Plaintiff later filed a Motion to Compel seeking discovery and evidentiary sanctions. (Dkt. 41.) That motion was fully briefed and taken under submission on December 4, 2025. (Dkt. 44.)

Separately, on October 15, 2025, the Court issued an Order to Show Cause regarding Plaintiff's failure to file an ADR package. (Dkt. 32.) Following that order, Plaintiff filed a response addressing discovery issues. *Id.*

On January 14, 2026, Plaintiff filed the present *ex parte* application seeking to extend the deadline to file a motion for class certification from January 27, 2026 to April 30, 2026 due to the pendency of its Motion to Compel, which is independently similarly based on Plaintiff's own inexcusable neglect. (Dkt. 46.)

**a. Plaintiff's Pattern of Delay**

Plaintiff's pattern of delay and blame is not new. Rather, the first instance on the record is the Rule 26(f) Report. Plaintiff's counsel, Mr. Narain Kumar, first contacted Defendant's counsel on April 9, 2025, to propose a Rule 26(f) conference. *See* Dkt. No. 16-1. The Court had scheduled the Rule 26(f) report deadline for April 24, 2025, meaning that the parties were required to confer by April 3, 2025, under Rule 26(f)(1). Mr. Kumar's April 9 communication was six days late and incorrectly stated that the Rule 26(f) report was due the following

day. *See* Dkt. No. 16-2. Plaintiff proceeded to file a Rule 26(f) report the next day, also late. *See* Dkt. No. 16. This early misstep foreshadowed the same procedural laxity that now characterizes Plaintiff's *Ex Parte* Application.

**b. Ample Time to Move to Compel**

Plaintiff's August 12, 2025 letter raised issues with Defendant's discovery responses. Had Plaintiff intended to move to compel, he could have done so well before the discovery cutoff. Plaintiff could have called Defense counsel to inquire into the silence and confirm receipt of correspondence. Plaintiff's counsel could also have conducted an in-person meet and confer, as contemplated by the Federal Rules and Local Rules.

Instead, Plaintiff sent another meet-and-confer request just two days before the discovery cutoff, notwithstanding the Court's Standing Order and Local Rule 37-3, which require that discovery disputes be raised sufficiently in advance to permit resolution before the cutoff and that discovery motions be noticed and filed at least twenty-one (21) days before the cutoff. (L.R. 37-3; Dkt. 19.)

## III. ARGUMENT

### A. Plaintiff Cannot Establish Good Cause Under Rule 16(b)(4).

Modification of a scheduling order requires a showing of "good cause," and the inquiry focuses almost exclusively on the diligence of the party seeking the modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Where a party was not diligent, the inquiry ends, and the scheduling

order must be enforced. Id. at 609, 610. "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* at 609.

The circumstances here do not merit *ex parte* relief from the Court's scheduling order. The class certification deadline was set months in advance, and compliance with the Court's Standing Order—including a meet-and-confer process to be completed no later than thirty-five days before the deadline—was mandatory. Plaintiff nevertheless waited until fifteen days before the deadline to initiate any communication regarding class certification, and even then did not engage on the substance of class certification at all. Kazarian Decl., ¶¶ 10-12. Diligence is measured by what a party did when it had time to act, not by what it attempts to do when deadlines are imminent. See *Johnson*, 975 F.2d at 609.

Plaintiff's failure to timely initiate the class certification meet-and-confer process alone defeats any claim of diligence. The Standing Order's timeline is not optional, and a party cannot ignore it and later invoke Rule 16(b)(4) to excuse noncompliance.

**B. Plaintiff's Pending Discovery Motion Does Not Supply Good Cause**

Plaintiff's reliance on a pending Motion to Compel does not alter the analysis. A discovery dispute—particularly one raised after discovery deadlines have passed—does not establish diligence or justify extending a dispositive deadline. Courts routinely deny Rule 16(b)(4) relief where the need for an extension stems from a party's own failure to pursue discovery within the allotted

time. *See e.g. Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667 (C.D. Cal. 2003) (denying plaintiff's motion, reasoning that any unfortunate results from the inability of counsel to file timely motions for extensions of time arise from their own voluntary choice of attorneys).

Here, Plaintiff allowed the discovery period to lapse without filing a motion to compel, without seeking court intervention, and without requesting any extension of deadlines. Plaintiff later filed a Motion to Compel and seek evidentiary sanctions. The pendency of that motion does not retroactively convert Plaintiff's prior inaction into diligence, nor does it supply good cause to extend the class certification deadline.

Rule 16 does not permit a party to postpone compliance with a scheduling order based on the speculative possibility that additional discovery may later be ordered.

**C. *Ex Parte* Relief Is Improper Where the Asserted Urgency Is Self-Created.**

*Ex parte* relief is reserved for circumstances in which a party will suffer immediate and irreparable prejudice before a regularly noticed motion can be heard, and where that urgency was not created by the party's own conduct. L.R. 7-19; *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

The urgency Plaintiff identifies is entirely self-created. Plaintiff knew the class certification deadline, knew the requirements of the Standing Order, and knew the discovery timeline. (Dkt. 19; Dkt. 20.) Plaintiff nevertheless delayed initiating the meet-and-confer process and delayed seeking court intervention regarding discovery. Kazarian Decl., ¶¶ 8-12. *Ex parte* procedure is not a substitute for timely litigation conduct, nor is it a mechanism for avoiding the consequences of missed deadlines.

Allowing *ex parte* relief under these circumstances would undermine the purpose of scheduling orders and reward delay.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's *Ex Parte* Application in its entirety.

DATED: January 15, 2026

**THE LAW OFFICE OF ALEXANDRA KAZARIAN**

By: */s/ Alexandra Kazarian*
ALEXANDRA KAZARIAN
*Attorneys for Defendant,*
ALEX AND ANI, LLC

# PROOF OF SERVICE

I, Alexandra Kazarian, declare:

I am a citizen of the United States and employed in the State of California. I am over the age of 18 years and am not a party to the within-entitled action. My business address is 644 S. Figueroa Street, Los Angeles, California 90017.

On January 15, 2026, I electronically filed via my electronic service address (ak@alexkazlaw.com) the attached document:

**DEFENDANT ALEX AND ANI LLC'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

Robert Tauler
Narain Kumar
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, CA 90017
213-927-9270
Email: robert@taulersmith.com
Email: nkumar@taulersmith.com
Attorneys for Plaintiff Milan Hassid

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 15, 2026, at Los Angeles, California.

*/s/Alexandra Kazarian*
*Alexandra Kazarian*