**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MILAN HASSID, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALEX AND ANI, LLC,<br><br>Defendant. | Case No. CV 25-0679 FMO (JCx)<br><br>**ORDER RE: EX PARTE APPLICATION FOR EXTENDING DEADLINE** |

Having reviewed all the briefing filed with respect to plaintiff's Ex Parte Application for Extending Deadline to File Motion for Class Certification (Dkt. 46, "Application"), the court finds that oral argument is not necessary to resolve the Application, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Rule 16 of the Federal Rules of Civil Procedure[1] provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The court's scheduling order also provides that "[t]he court is unlikely to grant continuances, even if stipulated by the parties, unless the parties establish good cause through a proper showing." (Dkt. 19, Court's Order of April 14, 2025, at 1). When ruling on a motion to amend a Rule 16 scheduling order, the court considers: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in

[1] Unless otherwise indicated, all "Rule" references are to the Federal Rules of Civil Procedure.

obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (citation omitted). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks omitted); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-609 (9th Cir.1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.").

The court's current scheduling order sets January 27, 2026, as the deadline for any motion for class certification. (Dkt. 19, Court's Order of April 14, 2025, at 6). Plaintiff seeks to extend this deadline to April 30, 2026, to allow "additional time to obtain the Court's ruling on the motion to compel, to allow compelled discovery (and any associated depositions) to be completed." (Dkt. 46, Application at 7). Plaintiff also asserts that this discovery will "directly bear on the evidentiary record for class certification." (Id. at 6). Under the circumstances, the court finds good cause to modify the class certification deadline.

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Application **(Document No. 46)** is **granted** as set forth below.

2. Any motion for class certification shall be filed no later than **April 30, 2026**, and noticed for hearing regularly under the Local Rules.[2] Any untimely or non-conforming motion will be denied. The motion for class certification shall comply with the requirements set forth in the Court's Order Re: Motions for Class Certification issued on April 14, 2025 (Dkt. 20).

Dated this 20th day of January, 2026.

/s/
Fernando M. Olguin
United States District Judge

[2] Any challenge to expert testimony pursuant to Daubert v. Merrell Dow Pharms., 509 U.S. 579, 113 S.Ct. 2786 (1993), or Federal Rules of Evidence 702-704, must be done within the joint brief, or in a separate motion that is filed at the same time the joint brief is filed.