**THE LAW OFFICE OF**
**ALEXANDRA KAZARIAN**
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 290-2478
FACSIMILE (213) 232-3255
**ALEXANDRA KAZARIAN SBN 244494**

*Attorney for Defendant*
ALEX AND ANI, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MILAN HASSID, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALEX AND ANI LLC, a Rhode Island limited liability company; THE BATHING CLUB LLC, a New York limited liability company; LMGL LLC, a Delaware limited liability company; MLLG LLC, a Delaware limited liability company; LC A&A HOLDINGS INC., a Delaware corporation; and DOES 5 through 25, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00679-FMO-AYP<br>*The Hon. Fernando M. Olguin Presiding*<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date: May 21, 2026<br>Time: 10:00 a.m.<br>Ctrm: 6D<br>Judge: Hon. Fernando M. Olguin |

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT

**TO THE COURT, ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 21, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 6D, before the Honorable Fernando M. Olguin of the above-entitled Court located at the First Street Courthouse, 350 West First Street, Los Angeles, CA 90012, Defendant Alex and Ani, LLC ("AA" or "Defendant"), by and through its attorneys of record, will and hereby do move for an order dismissing Plaintiff Milan Hassid's ("Plaintiff" or "Hassid") claims in the First Amended Class Action Complaint ("FAC") (ECF No. 57) pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

This Motion is based on the following grounds: (1) Plaintiff lacks Article III standing to pursue claims against A&A LLC for conduct occurring after July 2024 because A&A LLC no longer owned or operated the website at issue after a July 2024 foreclosure transfer and thus has no liability for Plaintiff's alleged September 16, 2024 website visit; (2) the FAC fails to state a claim against A&A LLC because it pleads, at most, that ownership and control of the website shifted among other defendants during the relevant period and pleads in the alternative as to A&A LLC without facts tying A&A LLC to the alleged conduct at the time of Plaintiff's visit; and (3) in the alternative, consent-based defenses bar the claim because the applicable privacy policy discloses the use

i

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT

of tracking and analytics technologies and data practices, defeating any reasonable expectation of privacy as to general browsing and marketing data, and the prior order's discussion of consent does not control under the materially expanded record and operative FAC.

Pursuant to the Court's April 1, 2026 Order, Defendant made every attempt to engage in a meet-and-confer process. Despite repeated written and oral efforts to discuss these issues, Plaintiff's counsel refused to engage substantively, as further described in the Declaration of Alexandra Kazarian. AA's motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Alexandra Kazarian, the pleadings and records on file in this action, and such other evidence and argument as may be presented to the Court at or before the hearing on the motion.

DATED: April 17, 2026

**THE LAW OFFICE OF**
**ALEXANDRA KAZARIAN**

By: */s/ Alexandra Kazarian*
ALEXANDRA KAZARIAN
ATTORNEY FOR DEFENDANT
ALEX AND ANI, LLC

ii

## Table of Contents

MEMORANDUM OF POINTS AND AUTHORITIES .......................................1

I.    INTRODUCTION ................................................................. 1

II.   PROCEDURAL POSTURE .........................................................2

III.  STATEMENT OF RELEVANT FACTS ..................................................... 3

IV.   LEGAL STANDARDS ..................................................................... 5

V.    ARGUMENT .......................................................................6

   A.   Plaintiff Lacks Article III Standing to Pursue Claims Against A&A
        LLC Based on Post–July 2024 Website Activity. ...................................6

   B.   Should the Court Reach Personal Jurisdiction, Dismissal Is Separately
        Warranted. ...........................................................................9

   C.   The FAC Fails To State a Claim Against A&A LLC. .......................... 12

   D.   In the Alternative, the FAC Fails To Allege a Cognizable Privacy
        Interest in the Data at Issue. ........................................................18

VI.   CONCLUSION ........................................................................21

CERTIFICATION OF COMPLIANCE ...........................................................22

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT

## **Table of Authorities**

**CASES**

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1122 (C.D. Cal. 2009)...................................................................................................... 11

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)................................................. 6, 15, 17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).................................... 6, 15

*California v. Texas*, 593 U.S. 659, 668–69 (2021)................................................ 7

*Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) ...................................................................................................................... 6

*Cousin v. Sharp Healthcare*, 681 F. Supp. 3d 1117 (S.D. Cal. 2023)................ 18

*Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001)............................... 9, 19

*Heiting v. Marriott Int'l, Inc.*, 743 F. Supp. 3d 1163, 1168 (C.D. Cal. 2024)...... 9

*Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1058 (N.D. Cal. 2025).......... 19, 20

*Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992)......................................... 6

*Ranza v. Nike*, 793 F.3d 1059, 1069 (9th Cir. 2015)........................................ 10

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) ..................................................................................................................... 10

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)....................................... 5, 6, 7

*Walden v. Fiore*, 571 U.S. 277, 285 (2014)...................................................... 10

**STATUTES**

Fed. R. Civ. Proc. 12(b)(6)............................................................................... 12

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

The First Amended Complaint (FAC) should be dismissed as to Alex and Ani, LLC (A&A LLC) because A&A LLC is the wrong entity. Plaintiff's theory focuses on tracking software active on www.alexandani.com during September 2024. But the undisputed record, which has been developed through verified discovery responses, Rule 30(b)(6) testimony, and the complete absence of responsive documents, shows A&A LLC ceased owning or operating that website following a July 2024 Article 9 foreclosure transfer and has no responsive website records has had no control over the website at any relevant time. Plaintiff has now added multiple entities he alleges operated and controlled the website post-transaction. As to A&A LLC, Plaintiff pleads only conclusory, alternative allegations without facts tying A&A LLC to the site on the date of Plaintiff's visit.

Alex and Ani LLC transferred substantially all of its assets, including the website at issue, in July 2024, months before Plaintiff claims to have visited the site in September 2024. The FAC itself acknowledges that ownership and control shifted among entities and names additional defendants allegedly responsible for the website during the relevant period. Yet Plaintiff continues to maintain claims against A&A LLC without any factual basis tying it to the

1

alleged conduct. Compounding this defect, A&A LLC's insurer has denied coverage on the ground that the company bears no liability for conduct occurring after July 2024, further underscoring the absence of any cognizable claim against it. The FAC should be dismissed as to A&A LLC for lack of standing and failure to state a claim.

Independently, Plaintiff's CIPA theory fails in light of the disclosed tracking and analytics practices in the governing privacy policy and the absence of any sensitive personal health information or similarly intimate content that could sustain a reasonable expectation of privacy beyond general browsing and marketing data. Dismissal with prejudice is warranted.

## II.    PROCEDURAL POSTURE

Plaintiff originally filed this action on January 27, 2025, asserting a single claim under California Penal Code § 638.51 based on alleged use of TikTok tracking technology on the website www.alexandani.com. A&A LLC previously moved to dismiss. The Court denied that motion, holding that, based on the allegations in the original complaint, Plaintiff had plausibly alleged standing, personal jurisdiction, and that the alleged software could qualify as a "trap and trace device," and further holding that Plaintiff's allegation that he did not consent was sufficient at the pleading stage to negate the consent exception. ECF No. 49.

2

Plaintiff thereafter filed the FAC, adding additional defendants and expressly acknowledging that ownership and operational control of the website "shifted among one or more of the Defendants." Since the Court's prior order, the factual record has materially developed. Verified discovery responses, deposition testimony, and the absence of any responsive documents establish that Alex and Ani LLC did not own or operate the website at the time of Plaintiff's alleged visit. Pursuant to the Court's April 1, 2026 Order, Defendant engaged in a meet-and-confer process. Despite repeated written and oral efforts to discuss these issues, Plaintiff's counsel refused to engage substantively. See Ex. A (Kazarian Decl., ¶?). Defendant now brings this Motion in compliance with the Court's Order.

### III.    STATEMENT OF RELEVANT FACTS

Defendant Alex and Ani, LLC used to own and operate a jewelry business called Alex and Ani. In July 2024, substantially all of Defendant's assets, including website-related books, records, operational systems, and data repositories, were transferred in a UCC Article 9 foreclosure transaction.

Plaintiff alleges that, on September 16, 2024, he visited www.alexandani.com (the "Website"). Plaintiff alleges that "[d]uring the Relevant Period, one or more" of the named Defendants, Alex and Ani LLC ("A&A LLC"), The Bathing Club LLC, LMGL LLC, MLLG LLC, and LC

3

A&A Holdings Inc., "owned, operated, maintained, administered, marketed, or controlled the Website and its associated digital infrastructure." ECF No. 57 ("FAC") at ¶ 15. Plaintiff further alleges that "Defendants installed on the Website software created by TikTok in order to identify website visitors (the "TikTok Software")," which Plaintiff alleges constitute a trap and trace device. *Id*., ¶ 16. Plaintiff brings his claim for violation of the CIPA for "Defendants'" alleged failure to obtain express or implied consent nor a Court order to install the TikTok Software.

Plaintiff has in its possession Alex and Ani LLC's verified discovery responses providing that "Defendant did not own or operate the Website on September 16, 2024," which is the date on which Plaintiff alleges he visited the Website. ECF No. 53-3 at 5. Plaintiff also possesses Defendant's verified statements that, in July 2024, substantially all assets, including website-related books, records, and operational systems, were transferred in a UCC Article 9 foreclosure, leaving Defendant without possession, custody, or control of website systems thereafter. *Id*. at 9. Plaintiff's own motion for leave to amend his Complaint to add The Bathing Club LLC, LC A&A Holdings Inc., LMGL LLC, and MLLG LLC, reveals that Plaintiff understands that A&A LLC has not owned the Website since before the date of Plaintiff's alleged visit; rather, Plaintiff has provided that the new Defendants should be added because

4

Plaintiff believes that *they* owned, operated, controlled, administered, or otherwise directed the website ***post-foreclosure***. ECF No. 53 at 8.

Plaintiff even created his own "summary chart illustrating Plaintiff's understanding of the transfer of Alex and Ani, LLC's assets at the time of the July 2024 foreclosure and the subsequent asset transfers post-foreclosure, titled "Foreclosure and Post-Foreclosure Structure Chart." ECF No. 53-1, ¶ 13. This chart reveals that Plaintiff completely understands that Alex and Ani LLC transferred all of its assets in an Article 9 foreclosure to The Bathing Club LLC. ECF No. 53-13.

Plaintiff filed his First Amended Complaint alleging that A&A LLC still owns the Website despite possessing documentary evidence and confirming the same through his own independent research that A&A LLC has not owned the Website at any point during "the Relevant Period."

## IV.    LEGAL STANDARDS

The Court must dismiss a complaint pursuant to Rule 12(b)(1) if the allegations are insufficient on their face to invoke federal jurisdiction. A district court lacks jurisdiction when plaintiff fails to establish standing to sue pursuant to Article III of Constitution. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The plaintiff has the burden of establishing Article III standing to assert the

5

claims. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

To survive a 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

## V.   ARGUMENT

### A. Plaintiff Lacks Article III Standing to Pursue Claims Against A&A LLC Based on Post–July 2024 Website Activity.

Standing has three elements: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016). To establish an injury in fact, a plaintiff must show that they suffered "an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 U.S. at 1548 (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992)).

6

The critical missing element here is Plaintiff's inability to fairly trace his injury to A&A LLC. Plaintiff's sole visit occurred September 16, 2024. He therefore must plausibly allege that A&A LLC owned, controlled, or operated the website, or that A&A LLC otherwise used, directed, or benefited from the alleged TikTok software, on that date. Plaintiff has not and cannot.

Article III standing requires plaintiffs to demonstrate that their alleged injury is fairly traceable to the defendant's conduct, establishing a causal connection between the harm suffered and the actions challenged. *Spokeo*, 578 U.S. at 339. The Supreme Court has held that "[a] plaintiff has standing only if he can "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *California v. Texas*, 593 U.S. 659, 659 (2021).

Here, Plaintiff alleges that tracking occurred in September 2024. But Alex and Ani LLC did not operate the website at that time. Plaintiff's alleged injury cannot be traced to Alex and Ani LLC. Plaintiff has in its possession (1) Alex and Ani LLC's verified discovery responses providing that "Defendant did not own or operate the website on September 16, 2024" (ECF No. 53-3 at 5) and (2) Defendant's verified statements that, in July 2024, substantially all assets, including website-related books, records, and operational systems, were transferred in a UCC Article 9 foreclosure, leaving Defendant without

7

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT

possession, custody, or control of website systems thereafter (ECF No. 53-3 at 9).

Furthermore, in Plaintiff's own motion for leave to amend his Complaint to add The Bathing Club LLC, LC A&A Holdings Inc., LMGL LLC, and MLLG LLC, Plaintiff reasoned that the new Defendants should be added because *they* owned, operated, controlled, administered, or otherwise directed the website ***post-foreclosure***. ECF No. 53 at 8. Plaintiff even created his own "summary chart illustrating Plaintiff's understanding of the transfer of Alex and Ani, LLC's assets at the time of the July 2024 foreclosure and the subsequent asset transfers post-foreclosure, titled "Foreclosure and Post-Foreclosure Structure Chart." ECF No. 53-1, ¶ 13. This chart reveals that Plaintiff completely understands that Alex and Ani LLC transferred all of its assets in an Article 9 foreclosure to The Bathing Club LLC. ECF No. 53-13.

These undisputed facts break traceability and redressability as to A&A LLC for an injury allegedly occurring two months later. Plaintiff's alternative, collective allegations do not cure this gap. Plaintiff's prior standing ruling arose on the original complaint and without the present, developed record and amended party configuration. The prior order found standing based on allegations that the operator installed third-party tracking software and plaintiff

8

visited the website while it was active, but did not address a foreclosure transfer severing operational control prior to the alleged visit.

Standing must be established as to the defendant sued. The factual record shows A&A LLC had no role or control after July 2024. Accordingly, Plaintiff lacks Article III standing to sue A&A LLC for the September 2024 event. Dismissal under Rule 12(b)(1) is warranted without leave to amend.

**B. Should the Court Reach Personal Jurisdiction, Dismissal Is Separately Warranted.**

Even assuming Plaintiff could establish Article III standing, the Court independently lacks personal jurisdiction over A&A LLC. The due process analysis that supported this Court's prior jurisdictional ruling rested on the premise that A&A LLC operated the Website and used TikTok Software to collect Californians' data, thereby "expressly aiming" conduct at California. That premise has now been disproved.

To hail a foreign defendant like A&A LLC into court, a plaintiff must show either general or specific personal jurisdiction ." *Heiting v. Marriott Int'l, Inc.*, 743 F. Supp. 3d 1163, 1168 (C.D. Cal. 2024) (*citing Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001)). The Complaint does not allege systematic contacts in California and admits that A&A LLC is incorporated in Rhode Island. *See* FAC. ¶ 5. *See generally,* FAC. Accordingly, the Court may not

9

exercise general jurisdiction over A&A LLC. *See Ranza v. Nike*, 793 F.3d 1059, 1069 (9th Cir. 2015).

Specific jurisdiction requires: (1) the defendant purposefully directed activities at the forum state; (2) the claims arise out of or relate to those activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The Supreme Court has emphasized that this inquiry focuses on the *defendant's* contacts with the forum, not the plaintiff's: "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). A&A LLC fails all three prongs.

The sole basis for specific jurisdiction in this case is the alexandani.com website. But A&A LLC ceased operating the Website following the July 2024 foreclosure. It does not maintain administrative access to the Website. It does not possess credentials permitting access. It does not have the legal right or practical ability to obtain records from the entities that acquired the Website's operational assets. Mr. Meyer's Rule 30(b)(6) testimony confirmed each of these facts. A&A LLC therefore did not "purposefully direct" any activity at

10

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT

California through the Website at the time of Plaintiff's alleged visit—because it had no connection to the Website at all.

Moreover, even if A&A LLC had some residual contact with California, Plaintiff's claims do not "arise out of or relate to" those contacts. Plaintiff's theory is that TikTok Software was active on the Website during his September 16, 2024 visit. A&A LLC had no ownership, operation, or control of the Website on that date.

Accordingly, exercising jurisdiction over A&A LLC would not comport with fair play and substantial justice. A&A LLC is a non-operating entity in wind-down, with no California presence, no employees, no ongoing business operations, and no connection to the Website or the conduct at issue. Plaintiff has already named four additional defendants whom he alleges actually operated the Website. When jurisdiction is based on internet activity, courts require that the defendant actually control the website in question. *See Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1122 (C.D. Cal. 2009) ("Personal jurisdiction is appropriate 'when an entity is conducting business over the internet.'"). A defunct prior owner that no longer controls or operates a website lacks the requisite purposeful availment necessary for jurisdiction.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT

Additionally, this Court's prior personal-jurisdiction analysis does not control. The prior order addressed the original complaint, which named A&A LLC as the sole defendant and framed it as the Website operator. The FAC tells a different story: it names five defendants, acknowledges that "ownership and operational control of the Website shifted," and was filed after the full evidentiary record—including verified discovery and deposition testimony—established that A&A LLC had no role in Website operations post-foreclosure. *See* FAC, ¶ 10. Jurisdiction must be assessed on the operative complaint and the record now before the Court. On this record, there is no basis for personal jurisdiction over A&A LLC.

**C. The FAC Fails To State a Claim Against A&A LLC.**

Even if the Court concludes it has jurisdiction over A&A LLC and that Plaintiff has Article III standing, the FAC independently fails to state a claim against A&A LLC under Rule 12(b)(6). Fed. R. Civ. Proc. 12(b)(6). The operative complaint does not plausibly allege that A&A LLC installed, used, or caused the use of a trap-and-trace device on or about September 16, 2024. Instead, the FAC relies on precisely the type of conclusory, collective allegations that *Twombly* and *Iqbal* forbid.

12

### 1. The FAC's Collective "Defendants" Allegations Are Insufficient.

The FAC names five defendants: Alex and Ani, LLC; The Bathing Club LLC; LMGL LLC; MLLG LLC; and LC A&A Holdings Inc. Yet throughout the operative complaint, Plaintiff uses the collective term "Defendants" without ever identifying which defendant did what, when, or how. Every operative allegation—that "Defendants installed" the TikTok Software, that "Defendants" owned or operated the Website, that "Defendants" failed to obtain consent—is pled generically against all five entities as a group. *See* FAC ¶¶ 15–29, 37–43.

This is textbook group pleading, and it is insufficient under federal law. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility" requires "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Where, as here, a complaint names multiple defendants but fails to differentiate among them, a plaintiff "must allege, with at least some degree of particularity, overt acts which defendants engaged in" that give rise to the claim. *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988).

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT

The requirement that a plaintiff identify the specific conduct attributable to each defendant is not merely a technicality—it is a core requirement of the Federal Rules. As the Supreme Court held in *Iqbal*, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that *the defendant* is liable for the misconduct alleged." 556 U.S. at 678 (emphasis added). The inquiry is defendant-specific: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Here, the FAC does not contain a single factual allegation tying A&A LLC to the installation, use, or maintenance of TikTok Software on the Website on or after September 16, 2024—or, for that matter, at any point after July 2024. The collective "Defendants" allegations ask this Court to infer that A&A LLC was somehow responsible for software active on a website it no longer owned or operated. That is not plausibility; it is speculation.

**2. The FAC's "Alternative" Allegations Are a Concession, Not a Cure.**

Recognizing the weakness of its collective pleading, the FAC attempts a fallback. Paragraph 29 provides:

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT

> To the extent one Defendant contends it did not "operate" the Website at a particular time, Plaintiff alleges in the alternative that such Defendant directed, controlled, authorized, ratified, or benefited from the use of the TikTok Software and the data transmissions at issue.

FAC, ¶ 29. This allegation is not a cure; it is a concession. By its own terms, the FAC acknowledges the possibility—indeed, the likelihood, given the evidentiary record—that a particular defendant (A&A LLC) did not "operate" the Website "at a particular time." Rather than offer facts to the contrary, Plaintiff resorts to a boilerplate, catch-all allegation that the non-operating defendant must have "directed, controlled, authorized, ratified, or benefited from" the conduct of the entities that actually did operate it.

This is precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" that *Iqbal* holds is insufficient. 556 U.S. at 678. Rule 8(d)(2) permits alternative pleading, but it does not exempt a plaintiff from the obligation to plead plausible facts supporting each alternative. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"). Plaintiff's alternative allegations contain no facts whatsoever: no allegation of a specific agreement between A&A LLC and any successor entity, no allegation that A&A LLC retained any control over the Website post-foreclosure, no allegation that A&A LLC authorized or directed any conduct by the acquiring entities, and no allegation that A&A LLC received

15

any benefit from the TikTok Software after July 2024. The alternative allegations are entirely conclusory and cannot survive a motion to dismiss.

### 3. The FAC's Own Allegations and Plaintiff's Own Filings Exclude A&A LLC.

The FAC's insufficiency as to A&A LLC is not merely a drafting deficiency—it is an inherent defect, because Plaintiff's own allegations and litigation conduct establish that A&A LLC is the wrong defendant.

First, the FAC itself acknowledges that "during the Relevant Period, ownership and operational control of the Website shifted among one or more of the Defendants." FAC ¶ 15. The FAC further alleges that the "precise timing and structure of those shifts are within Defendants' exclusive knowledge." *Id.* But this claim of ignorance is contradicted by the record. Plaintiff has in his possession A&A LLC's verified discovery responses providing that "Defendant did not own or operate the Website on September 16, 2024." ECF No. 53-3 at 5. Plaintiff also possesses Defendant's verified statements that substantially all assets were transferred in a July 2024 UCC Article 9 foreclosure. *Id.* at 9. Plaintiff received Rule 30(b)(6) deposition testimony confirming the same. Plaintiff cannot plead ignorance of facts he already possesses.

Second, Plaintiff's own motion for leave to amend—the very motion that produced the FAC—reveals that Plaintiff fully understands A&A LLC is the

16

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT

wrong party. Plaintiff moved to add The Bathing Club LLC, LMGL LLC, MLLG LLC, and LC A&A Holdings Inc. precisely because, as Plaintiff explained to this Court, *those entities* "owned, operated, controlled, administered, or otherwise directed the website ***post-foreclosure***." ECF No. 53 at 8 (emphasis added). Plaintiff even prepared a "Forclosure and Post-Foreclosure Structure Chart" illustrating his understanding that A&A LLC transferred all of its assets in the July 2024 foreclosure to The Bathing Club LLC. ECF No. 53-1 ¶ 13; ECF No. 53-13.

In other words, Plaintiff asked this Court to add new defendants on the express theory that *they*—not A&A LLC—operated the Website after the foreclosure. Having obtained leave to amend on that basis, Plaintiff cannot now maintain the opposite position in the same complaint. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks omitted).

Third, A&A LLC has confirmed through verified discovery responses, signed under penalty of perjury by its Independent Director Larry Meyer, that it does not possess records relating to Plaintiff's alleged interaction with the Website. *See* ECF No. 53-3 (Supplemental Responses to RFP No. 12; SROG Nos. 6, 10). Mr. Meyer's Rule 30(b)(6) deposition testimony confirms that

17

A&A LLC lacks administrative access to the Website, does not possess credentials permitting access, and does not have the legal right or practical ability to obtain records from the entities that acquired the operational assets. Across 37 Requests for Production and 14 Special Interrogatories, A&A LLC was unable to locate a single responsive document.

The FAC thus fails to allege—and cannot allege—plausible facts showing that A&A LLC installed, used, or caused the use of a trap-and-trace device at the time of Plaintiff's alleged visit. The collective "Defendants" allegations are conclusory. The alternative allegations in Paragraph 29 of the FAC are entirely devoid of factual support. And Plaintiff's own filings and litigation conduct confirm that A&A LLC had no involvement with the Website post-foreclosure. Dismissal under Rule 12(b)(6) is appropriate because the deficiency is inherent.  Plaintiff knows A&A LLC is the wrong party and has already named the entities he believes are the right ones.  Dismissal should be with prejudice.

**D. In the Alternative, the FAC Fails To Allege a Cognizable Privacy Interest in the Data at Issue.**

Even if Plaintiff had sued the correct entity, the FAC would still fail because it does not plausibly allege a reasonable expectation of privacy in the information collected.

18

Courts in this Circuit have drawn a critical line between sensitive personal information such as medical or health data, and general browsing or device-related information. The latter does not give rise to a protected privacy interest sufficient to sustain a CIPA claim. *See Cousin v. Sharp Healthcare*, 681 F. Supp. 3d 1117, 1123 (S.D. Cal. 2023). (dismissing CIPA claims where tracking technology collected "general health information that is accessible to the public at large"); *Doe v. Tenet Healthcare Corp.*, 789 F. Supp. 3d 814, 837 (E.D. Cal. 2025) (distinguishing non-sensitive data from protected health information and providing example of basic identification and address information as non-sensitive); *Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1058 (N.D. Cal. 2025) (holding that website disclosures regarding tracking technologies can defeat any reasonable expectation of privacy, precluding privacy-based claims as a matter of law).

Plaintiff's allegations fall squarely on the non-sensitive side of this line. The FAC alleges that the TikTok Software collects "device and browser information, geographic information, referral tracking, and URL tracking." FAC ¶ 18. It further alleges the software captures "dialing, routing, addressing, and signaling information." FAC ¶ 24. These are descriptions of routine analytics data—page views, clicks, navigation patterns, and device identifiers—

19

not medical records, financial data, or intimate communications. The FAC does not allege that any sensitive personal information was collected or disclosed.

The Website's Privacy Policy reinforces this conclusion. The Policy discloses the use of cookies, pixels, and tracking technologies; explains that browsing data may be shared with analytics and advertising partners; and provides that by accessing or using the site, users agree to its terms. These disclosures describe the ordinary operation of a modern commercial website and negate any reasonable expectation of privacy in the type of generalized browsing data at issue. *See Lakes*, 777 F. Supp. 3d at 1047.

The Court's prior order addressed consent on the original complaint, holding that Plaintiff's bare allegation of non-consent was sufficient at that stage. But the operative complaint is now the FAC, and the record has materially developed. The Privacy Policy's specific disclosures—which the FAC incorporates by reference through its allegations concerning the Website—demonstrate that the data practices Plaintiff challenges were conspicuously disclosed to users. Against this developed record, Plaintiff's conclusory allegation of non-consent is insufficient to sustain a claim premised on a reasonable expectation of privacy in routine analytics data.

//

//

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT

## VI.    CONCLUSION

For the reasons set forth above, Plaintiff's First Amended Class Action Complaint should be dismissed with prejudice as to Defendant Alex and Ani LLC.


DATED: April 17, 2026

**THE LAW OFFICE OF**
**ALEXANDRA KAZARIAN**

By: */s/ Alexandra Kazarian*
  ALEXANDRA KAZARIAN
  ATTORNEY FOR DEFENDANT
  ALEX AND ANI, LLC

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT

## CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Defendant Alex & Ani LLC, certifies that this brief contains 4,284 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 17, 2026                     Respectfully submitted,

                                          */s/ Alexandra Kazarian*
                                          ALEXANDRA KAZARIAN

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT

**PROOF OF SERVICE**

I, Alexandra Kazarian, declare:

I am a citizen of the United States and employed in the State of California. I am over the age of 18 years and am not a party to the within-entitled action. My business address is 644 S. Figueroa Street, Los Angeles, California 90017.

On April 17, 2026, I electronically filed via my electronic service address (ak@alexkazlaw.com) the attached document:

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

Robert Tauler
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, CA 90017
213-927-9270
Email: robert@taulersmith.com
Attorneys for Plaintiff Milan Hassid

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 17, 2026, at Los Angeles, California.

/s/Alexandra Kazarian
Alexandra Kazarian

23

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT