**THE LAW OFFICE OF**

**ALEXANDRA KAZARIAN**
644 South Figueroa Street
Los Angeles, California 90017-3411
Telephone:    (213) 290-2478
Facsimile:    (213) 232-3255
ak@alexkazlaw.com
**ALEXANDRA KAZARIAN SBN 244494**

*Attorney for Defendant*, ALEX AND ANI, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILAN HASSID, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALEX AND ANI LLC, a Rhode Island limited liability company; THE BATHING CLUB LLC, a New York limited liability company; LMGL LLC, a Delaware limited liability company; MLLG LLC, a Delaware limited liability company; LC A&A HOLDINGS INC., a Delaware corporation; and DOES 5 through 25, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00679-FMO-AYP<br>*The Hon. Fernando M. Olguin Presiding*<br><br>**DECLARATION OF ALEXANDRA KAZARIAN IN SUPPORT OF DEFENDANT ALEX AND ANI LLC'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [ECF NO. 58]**<br><br>Date: May 21, 2026<br>Time: 10:00 a.m.<br>Ctrm: 6D<br>Judge: Hon. Fernando M. Olguin |

- 1 -

**<u>Declaration of Alexandra Kazarian</u>**

I, Alexandra Kazarian, declare:

1.      I am an attorney licensed to practice law in the State of California, State Bar No. 244494. I am the principal of The Law Office of Alexandra Kazarian, counsel of record for Defendant Alex and Ani, LLC ("Defendant") in this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      I submit this declaration in compliance with the Court's April 1, 2026 Order (Dkt. 54), which requires that any motion to dismiss "include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted, and the position of each attorney with respect to each disputed issue that will be the subject of the motion)." (Dkt. 54 at 2.) The Order further provides that "[f]ailure to include such a declaration will result in the motions being denied." (Id.)

3.      This declaration sets forth the complete meet and confer history as it pertains to the pending motion, including the pattern of non-engagement by Plaintiff's counsel, Robert Tauler of Tauler Smith LLP.

4.      On April 1, 2026, the Court granted Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. 54). The Court noted that Defendant had not filed an Opposition and deemed that failure to constitute consent. (Id. at 1.)

- 2 -

The Court ordered that Defendants file their Answers or a motion to dismiss no later than April 17, 2026, and that if Defendants wished to file a motion to dismiss, counsel shall meet and confer on April 10, 2026, at 10:00 a.m., in person, via video, or telephonically. (Id. at 2.)

5. On the evening of April 8, 2026, I emailed a detailed meet and confer letter to Mr. Parkkinen and Mr. Tauler at Tauler Smith LLP. The letter set forth Defendant's position in full, including: (a) the UCC Article 9 foreclosure and transfer of substantially all assets — including the alexandani.com website — in July 2024; (b) that Alex and Ani, LLC's verified supplemental discovery responses, signed under penalty of perjury by Independent Director Larry Meyer, confirm that Defendant did not operate the website on the date of Plaintiff's alleged visit (September 16, 2024); (c) Mr. Meyer's February 24, 2026 Rule 30(b)(6) deposition testimony confirming Alex and Ani, LLC no longer maintains or operates the website infrastructure; (d) that Alex and Ani, LLC has no California presence and has not operated retail locations in California since 2023; and (e) that across 37 Requests for Production and 14 Special Interrogatories, not a single responsive document was located within Defendant's possession, custody, or control.

6. The email letter proposed a Zoom conference on April 10, 2026 at 10:00 a.m. consistent with the Court's Order. It also outlined a proposed resolution: (1) dismissal of Alex and Ani, LLC with prejudice, and (2) a

DECLARATION OF ALEXANDRA KAZARIAN IN SUPPORT OF DEFENDANT ALEX AND ANI LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

stipulated abeyance to allow Plaintiff to perfect service on the newly named defendants in the First Amended Complaint. The letter included a proposed agenda for the conference. A true and correct copy of this email correspondence is attached hereto as Exhibit 1.

7.      Approximately one hour later, on the evening of April 8, 2026, Mr. Tauler — not Mr. Parkkinen — responded by email. His response, in its entirety as to substance, stated: "I don't read ChatGPT slop. If you want to have a call, let me know some times you are free. I am not free Friday morning." Mr. Tauler did not address a single issue raised in the letter. (See Ex. 1.)

8.      Later that same evening, I sent a second letter to Mr. Tauler. In this letter, I noted that Mr. Tauler had not personally participated in any substantive aspect of this case since July 2025, and that both Mr. Kumar and Mr. Parkkinen had handled all discovery, depositions, and motion practice in the interim. I restated every issue from the first letter in plain, summary language. I offered to meet at any time on Thursday, April 9, or Friday, April 10, and provided my direct cell phone number — (323) 440-4835 — for the first time. (See Ex. 1.)

9. Mr. Tauler responded to this second letter by again referring to my correspondence as "AI slop" and reiterating that he does not read it.

10.      At 5:04 a.m. on April 9, 2026, Mr. Tauler emailed stating he was "not in the office the remainder of this week" and proposed meeting on Monday, April 14.

- 4 -

11. I responded that morning explaining that I was beginning a murder trial on Monday and would not be available. I reiterated my availability for Thursday, April 9, and Friday, April 10. I provided a Zoom link for Friday, April 10 at 10:00 a.m., consistent with the Court's Order.

12. At 10:25 a.m. on April 9, I sent a further email reiterating my schedule and availability. I provided my cell phone number for a third time and specifically requested that Mr. Tauler text or call me directly, as I was with my children and might miss an email or office message.

13. At 10:35 a.m. on April 9, Mr. Tauler emailed asking: "Are you free now? I am free until about noon." Despite my repeated, specific requests for a text or direct phone call, Mr. Tauler again reached out only by email. (See Ex. 1.)

14. Upon seeing Mr. Tauler's 10:35 a.m. email, I immediately responded by email and then called his office directly. His office transferred me to his cell phone.

15. When I introduced myself as Alexandra Kazarian, counsel for Alex and Ani, LLC, Mr. Tauler stated that he did not know who I was and "don't know anyone named Alexandra Kazarian." I identified the case and asked if he was prepared to proceed with the meet and confer.

16. Mr. Tauler informed me that both Mr. Parkkinen and Mr. Kumar had left his firm. I asked Mr. Tauler whether he wanted additional time to

- 5 -

review my correspondence and familiarize himself with the case before proceeding, and offered to reconvene on Friday, April 10. He declined, stating he did not need additional time, and agreed to proceed.

17.    Mr. Tauler stated that he would be opposing Defendant's motion to dismiss. When I asked for the basis of his opposition, he responded: "Alex and Ani is still involved." I asked what he meant. He repeated the same statement without elaboration.

18.    I walked Mr. Tauler through the evidentiary record, explaining that verified discovery responses signed under penalty of perjury, Rule 30(b)(6) deposition testimony, and the complete absence of any responsive documents across 37 Requests for Production and 14 Special Interrogatories establish that Alex and Ani, LLC did not operate the alexandani.com website on the date of Plaintiff's alleged visit (September 16, 2024) and has not operated it since the July 2024 foreclosure, which predates Plaintiff's claim. Mr. Tauler did not engage with any of these facts.

19.    Instead, Mr. Tauler asked: "If there's no assets, why do you care?" I explained that my client should not be required to litigate a case where there is no legal merit to the claims asserted against it. Mr. Tauler repeated: "If there's no assets, why do you care?"

DECLARATION OF ALEXANDRA KAZARIAN IN SUPPORT OF DEFENDANT ALEX AND ANI LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

20.    I asked Mr. Tauler whether he had reviewed any of the deposition transcripts, discovery responses, or supplemental discovery responses in this case. He stated he "did not need to answer that question."

21.    I asked Mr. Tauler whether he had read the Court's April 1, 2026 Order. He did not answer.

22.    Mr. Tauler stated that the meet and confer was over. He further stated that I would not be able to convince him to resolve the case against Alex and Ani, LLC or to withdraw his opposition to any motion to dismiss.

23.    I reminded Mr. Tauler that the Court's Order contemplated a substantive, good-faith exchange and that he had not engaged with a single factual or legal issue. I advised him that I would leave the Zoom link open on April 10 in the event he wished to familiarize himself with the case and return for a substantive discussion. Mr. Tauler abruptly ended the call.

24.    The telephone conference lasted approximately five to seven minutes. It took place via telephone (I called from my office line; Mr. Tauler's office transferred me to his cell phone). At no point during the call did Mr. Tauler identify any factual or legal basis for opposing Defendant's motion, beyond the bare assertion that "Alex and Ani is still involved." He did not dispute any fact set forth in my letters. He did not reference any document, deposition transcript, discovery response, or legal authority. He did not address the UCC foreclosure, the verified discovery responses, the Rule 30(b)(6)

- 7 -

testimony, the absence of responsive documents, or any other issue that is the subject of the pending motion.

25.     On Friday, April 10, 2026, consistent with the Court's Order, I opened the Zoom conference at 10:00 a.m. and remained logged in until 10:45 a.m. Mr. Tauler did not appear. No one from Tauler Smith LLP appeared. I did not receive any communication from Mr. Tauler or anyone at Tauler Smith LLP on April 10, 2026.

26.     On April 11, 2026, I sent Mr. Tauler an email memorializing the foregoing events and advising that I would be updating the Court consistent with the requirements of the April 1, 2026 Order. The true and correct copy of this entire email correspondence is attached hereto as Exhibit 1.

## SUMMARY OF EACH PARTY'S POSITION ON

## THE DISPUTED ISSUES

27.     The Court's Order requires this declaration to set forth "the position of each attorney with respect to each disputed issue that will be the subject of the motion." (Dkt. 54 at 2.) I set forth those positions below.

**Defendant Alex and Ani LLC's Position:**

28. Alex and Ani, LLC is not the proper defendant. Alex and Ani, LLC transferred substantially all of its assets — including the alexandani.com website, all website-related operational systems, data, hosting infrastructure, and marketing integrations — in a UCC Article 9 foreclosure transaction in July

- 8 -

2024. Plaintiff alleges he visited the website on September 16, 2024, which is after the transfer. Alex and Ani, LLC's verified supplemental discovery responses, signed under penalty of perjury by Independent Director Larry Meyer, confirm that it did not operate the website on the date of Plaintiff's alleged visit and does not possess records relating to Plaintiff's alleged interaction with the website. Mr. Meyer's Rule 30(b)(6) deposition testimony confirms the same. Across 37 Requests for Production and 14 Special Interrogatories, Alex and Ani, LLC was unable to locate a single responsive document. Alex and Ani, LLC has no offices in California, has not manufactured products in California, and has not operated brick-and-mortar retail locations in California since 2023. It is in wind-down.

29.     Defendant proposed a practical resolution: (1) dismissal of Alex and Ani, LLC with prejudice; and (2) a stipulated abeyance to allow Plaintiff to perfect service on the newly named defendants identified in the First Amended Complaint (The Bathing Club LLC, LMGL LLC, MLLG LLC, and LC A&A Holdings Inc.), who are alleged to have had operational responsibility for the website. Defendant communicated this position in writing on two occasions and verbally during the April 9 telephone conference.

**Plaintiff's Position:**

30.     Mr. Tauler's sole stated basis for opposing the motion to dismiss was that "Alex and Ani is still involved." He did not elaborate on this statement.

- 9 -

DECLARATION OF ALEXANDRA KAZARIAN IN SUPPORT OF DEFENDANT ALEX AND ANI LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

He did not identify any fact, document, deposition testimony, or legal authority in support of this position. When confronted with the evidentiary record establishing that Alex and Ani, LLC did not operate the website at the relevant time, Mr. Tauler's response was: "If there's no assets, why do you care?" He repeated this statement when pressed.

31.     Mr. Tauler declined to state whether he had reviewed the deposition transcripts, discovery responses, or supplemental discovery responses in this case. He declined to state whether he had read the Court's April 1, 2026 Order. He characterized both of my meet and confer letters as "ChatGPT slop" and "AI slop" and stated he had not read them. He stated that I would not convince him to resolve the case against Alex and Ani, LLC or to withdraw his opposition to a motion to dismiss, and ended the call.

## SUMMARY OF MEET AND CONFER EFFORTS

32.     In total, my efforts to engage Plaintiff's counsel in a good-faith meet and confer included:

(a) A detailed meet and confer letter sent on April 8, 2026, setting forth Defendant's position, the supporting evidence, a proposed resolution, and a proposed agenda for the conference;

(b) A second meet and confer letter sent on April 8, 2026, restating every issue in plain language after Mr. Tauler refused to read the first;

- 10 -

(c) Multiple email exchanges on April 8–9, 2026, offering to meet at any time on Thursday, April 9, or Friday, April 10;

(d) Provision of my direct cell phone number on three separate occasions with a specific request to be contacted by text or phone call;

(e) A Zoom conference link for April 10, 2026 at 10:00 a.m.;

(f) A telephone call to Mr. Tauler on April 9, 2026, during which I attempted to walk him through every issue and offered him additional time to review the case;

(g) Keeping the Zoom conference open on April 10, 2026, from 10:00 a.m. to 10:45 a.m.; and

(h) A follow-up email on April 11, 2026, memorializing the process.

33.     At no point in this process did Mr. Tauler engage with the substance of any disputed issue. He refused to read any written correspondence. He declined to review the evidentiary record. He offered no factual or legal basis for his opposition beyond the statement that "Alex and Ani is still involved." He terminated the telephone conference after approximately five to seven minutes and did not appear for the April 10 Zoom conference ordered by the Court.

//

//

- 11 -

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed April 17, 2026, in Los Angeles, California.

__/s/ Alexandra Kazarian___
Alexandra Kazarian

DECLARATION OF ALEXANDRA KAZARIAN IN SUPPORT OF DEFENDANT ALEX AND ANI LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

I, Alexandra Kazarian, declare:

I am a citizen of the United States and employed in the State of California. I am over the age of 18 years and am not a party to the within-entitled action. My business address is 644 S. Figueroa Street, Los Angeles, California 90017.

On April 17, 2026, I electronically filed via my electronic service address (ak@alexkazlaw.com) the attached document:

**DECLARATION OF ALEXANDRA KAZARIAN IN SUPPORT OF DEFENDANT ALEX AND ANI LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

Robert Tauler
Narain Kumar
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, CA 90017
213-927-9270
Email: robert@taulersmith.com
Email: nkumar@taulersmith.com
Attorneys for Plaintiff Milan Hassid


I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 17, 2026, at Los Angeles, California.


*/s/Alexandra Kazarian*
*Alexandra Kazarian*

- 13 -

DECLARATION OF ALEXANDRA KAZARIAN IN SUPPORT OF DEFENDANT ALEX AND ANI LLC'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT