# EXHIBIT 1

**Friday, April 17, 2026 at 4:51:29 PM Pacific Daylight Time**

**Subject:** Re: Hassid v. Alex and Ani, LLC, Case No. 2:25-cv-00679-FMO-AYP Meet and Confer Regarding Dismissal of Alex and Ani, LLC

**Date:** Sunday, April 12, 2026 at 3:55:40 PM Pacific Daylight Time

**From:** Robert Tauler

**To:** Alexandra Kazarian

**CC:** Jaymie Parkkinen

I disagree with your assessment. Please file your 12b6 motion.

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 1100
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com

On Apr 12, 2026, at 3:19 PM, Alexandra Kazarian <ak@alexkazlaw.com> wrote:

VIA EMAIL
Robert Tauler
Tauler Smith LLP
626 Wilshire Blvd., Suite 1100
Los Angeles, CA 90017
Re: Hassid v. Alex and Ani, LLC, Case No. 2:25-cv-00679-FMO-AYP
Meet and Confer — Follow-Up

Robert,

I am writing to memorialize the status of the meet and confer process required by the Court's April 1, 2026 Order (Dkt. 54).

As you know, I sent you a detailed meet and confer letter on April 8, 2026, laying out Defendant's position and proposing a Zoom conference for April 10, 2026 at 10:00 a.m., consistent with the Court's Order. You responded by calling my letter "ChatGPT slop" and refusing to read it. I then sent a second letter on April 8 restating every issue in plain language and offering to meet at any time on Thursday, April 9, or Friday, April 10. You again referred to my correspondence as "AI slop" and reiterated that you do not read it.

On April 9, you emailed at 5:04 a.m. stating you were not in the office for the remainder of the week and proposing Monday, April 14. I responded that I am beginning a murder trial on Monday and would not be available, and reiterated my

availability for Thursday and Friday. You then emailed at 10:35 a.m. asking if I was free. Despite having provided my cell phone number three times and specifically requesting that you contact me by text or direct call, as I was with my children and might miss an email, you again reached out only by email. I responded immediately, provided my cell phone number again, and called your office directly. Your office transferred me to your cell phone.

When I introduced myself, you stated you did not know who I was and "don't know anyone names Alexandra Kazarian". I asked if you were prepared to proceed with the meet and confer. You informed me that both Mr. Parkkinen and Mr. Kumar had left your firm. I asked if you wanted time to review my emails and familiarize yourself with the case and join me on the call on 4/10. You said you did not need to and agreed to proceed.

You stated that you would be opposing our motion to dismiss. When I asked for the basis of your opposition, you responded "Alex and Ani is still involved." I asked what you meant and you repeated yourself. I explained that the evidentiary record, including verified discovery responses, deposition testimony, and the fact that no responsive documents exist establishes that Alex and Ani, LLC did not operate the website on the date of Plaintiff's alleged visit and has not operated it since July 2024, well before your claim.

You did not engage with any of these facts. Instead, you asked, "If there's no assets, why do you care?" I was taken aback but explained that I should not be required to litigate a case against a party where there is no legal merit to the claims. You repeated, "but If there's no assets, why do you care?"

I asked whether you had reviewed any of the deposition transcripts, discovery responses, or supplemental discovery responses in this case. You stated that you did not need to answer that question. I asked whether you had read the Court's Order. You stated that the meet and confer was over and I would not be able to convince you to resolve the case against Alex & Ani, nor convince you to drop any opposition to a motion to dismiss.

I reminded you that the Court expected us to have a substantive conversation. You repeated that the meet and confer was over. I advised I would leave the zoom link open on April 10, in the event you wanted to engage substantively, and you abruptly ended the call.

I am disappointed in how this process unfolded. The Court's Order contemplated a good-faith exchange, and I made every effort to facilitate one. I sent two detailed letters, offering multiple days and times, providing my cell phone number on three separate occasions, and attempting to walk you through the issues on the call, with a path to resolution. At no point did you engage with the substance of any issue.

Following our call on April 9, I left the Zoom link open on Friday, April 10, from 10:00 a.m. to 10:45 a.m., in the hope that you would take the opportunity to familiarize yourself with the case and return for a substantive conversation as

contemplated by the Court's Order. You did not appear, and I have not heard from you since our call.

I will therefore conclude that you do not wish to have any further meet and confer on this issue. I will be updating the Court accordingly, consistent with the requirements of its April 1, 2026 Order.

Best regards,
Alexandra Kazarian
The Law Office of Alexandra Kazarian
644 S. Figueroa Street
Los Angeles, CA 90017
(213) 290-2478
ak@alexkazlaw.com

On Apr 9, 2026, at 11:50 AM, Alexandra Kazarian <ak@alexkazlaw.com> wrote:

 I am but missed this because, like I said, and you again ignored, I'm with the kids and asked for a text or a direct call.

Free right now, and all day.  323-440-4835.

-AK

Sent from my iPhone

On Apr 9, 2026, at 10:35 AM, Robert Tauler <rtauler@taulersmith.com> wrote:

Are you free now?  I am free until about noon.

Thanks!

Robert Tauler, Esq.
Tauler Smith LLP
626 Wilshire Blvd., Suite 1100
Los Angeles, CA 90017
(213) 927-9270
www.taulersmith.com

On Thu, Apr 9, 2026 at 10:25 AM Alexandra Kazarian <ak@alexkazlaw.com> wrote:

> I start a murder trial Monday and won't be available.
>
> This isn't that complicated and shouldn't take long considering I've detailed our position twice now, despite your refusal to acknowledge/hostility towards actually reading anything I've sent.
>
> Here's a zoom link for tomorrow at 10:00 per the court's order that's we SHALL meet. I continue to have all-day today and all-day Friday until 4:00 also available for a call. But if you don't show up tomorrow at 10 or respond with an alternate time before then, I'll take your continued refusal to meaningfully engage at face value and proceed with informing the court that you're willfully refusing to inform yourself of the actual facts of your case or to engage with me to resolve this.
>
> Here's my cell once again: 323-440-4835. Please text me if you have an alternative time available today as I'm with my children and may miss an email or an office message, but will make myself available for a call.
>
> Alexandra Kazarian is inviting you to a scheduled Zoom meeting.
>
> Join Zoom Meeting
> https://us06web.zoom.us/j/6212991160?pwd=Z7BcNLHzRTRD2lJJCZimyuo2Zw4tdP.1&omn=87348234895
>
> Meeting ID: 621 299 1160
>
> Passcode: Y6V0HE

One tap mobile +16694449171,,621299116

Historic Engine Co. 28

644 S. Figueroa St.

Los Angeles, CA 90017

Phone: (213) 290-2478

fax: (562) 947-8323

www.alexkazlaw.com

ak@alexkazlaw.com

---

**From:** Robert Tauler <rtauler@taulersmith.com>
**Date:** Thursday, April 9, 2026 at 5:04 AM
**To:** Alexandra Kazarian <ak@alexkazlaw.com>
**Cc:** Jaymie Parkkinen <jparkkinen@taulersmith.com>
**Subject:** Re: Hassid v. Alex and Ani, LLC, Case No. 2:25-cv-00679-FMO-AYP Meet and Confer Regarding Dismissal of Alex and Ani, LLC

Nevermind I see that you proposed times.  I am not in the office the remainder of this week.  How about Monday afternoon?

Robert Tauler, Esq.

Tauler Smith LLP

626 Wilshire Blvd., Suite 1100

Los Angeles, CA 90017

(213) 927-9270

www.taulersmith.com

> On Apr 8, 2026, at 10:35 PM, Alexandra Kazarian <ak@alexkazlaw.com> wrote:
>
> Robert,
>
> Nice to see you resurface. I'll assume your response was sent in haste, and I'm not sure what your hostility is with my letter considering it's in response to a court order and its contents are accurate, and supported by the record.   As it will be attached to any motion filed with the Court,  I would encourage you to read it carefully.
>
> That said, I am happy to walk you through the issues, in plain language, particularly since you haven't personally participated in this case in any meaningful way since July 2025 when you insisted that I appear in person at your office for a meet and confer on July 2, and then left town, leaving your now absconded colleague Mr. Kumar to fill in on your behalf.
>
> I appreciate that you are now taking an interest in this case, and since Mr. Kumar and Mr. Parkkinen have handled all discovery, depositions, and motion practice, I understand that you may not be up to

6 of 14

speed, nor interested in the procedural history, which is why I will lay out the issues plainly:

Alex and Ani, LLC does not own or run the alexandani.com website anymore. It transferred substantially all of its assets, including the website in a foreclosure transaction in July 2024.

That was before your client says he visited the website in September 2024.

We have told you this in verified discovery responses signed under penalty of perjury. We have told you this in a Rule 30(b)(6) deposition. We have told you this in meet and confer correspondence. Across 37 document requests and 14 interrogatories, Alex and Ani, LLC could not produce a single responsive document, because it does not have any. Everything related to the website was transferred to the successor entity.

Alex and Ani, LLC has no offices in California, has not manufactured products in California, and has not operated retail locations in California since 2023. It is winding down.

**Your client is suing the wrong company. The First Amended Complaint already names additional defendants who are alleged to have actually operated the website. Those defendants have not yet been served. We are asking Plaintiff to agree to dismiss Alex and Ani, LLC with prejudice, and to stipulate to hold the remaining claims in abeyance while Plaintiff serves the newly named defendants.**

That is a reasonable resolution that matches the evidence and avoids motion practice.

If you choose not to agree, we will file a motion to dismiss by the April 17, 2026

deadline. That motion will include my initial letter,  this letter, your response, and a declaration detailing the meet and confer process, as required by the Court's April 1, 2026 Order.

As to the meet and confer: I'll make myself available, anytime Thursday, or Friday afternoon until 4pm, my direct cell is (323) 440-4835. Just let me know when to jump on a call.

Best regards,

**From:** Robert Tauler <rtauler@taulersmith.com>
**Date:** Wednesday, April 8, 2026 at 9:23 PM
**To:** Alexandra Kazarian <ak@alexkazlaw.com>
**Cc:** Jaymie Parkkinen <jparkkinen@taulersmith.com>
**Subject:** Re: Hassid v. Alex and Ani, LLC, Case No. 2:25-cv-00679-FMO-AYP Meet and Confer Regarding Dismissal of Alex and Ani, LLC

Hi Alexandra,

I don't read ChatGPT slop.  If you want to have a call, let me know some times you are free.  I am not free Friday morning.

Robert Tauler, Esq.

Tauler Smith LLP

626 Wilshire Blvd., Suite 1100

Los Angeles, CA 90017

(213) 927-9270

www.taulersmith.com

On Apr 8, 2026, at 9:19 PM, Alexandra Kazarian <ak@alexkazlaw.com> wrote:

Good evening, Jaymie,

I write pursuant to the Court's April 1, 2026 Order (Dkt. 54) to meet and confer regarding the continued inclusion of Alex and Ani, LLC in this action in light of the now-developed evidentiary record, and to confirm our April 10, 2026 conference as required by the Order.

As you know, the Order provides that if Defendant wishes to file a motion to dismiss, the parties shall meet and confer on April 10, 2026, at 10:00 a.m. I propose we conduct the conference via Zoom at that date and time. Please confirm and I will circulate a link.

**I. The Evidentiary Record Establishes That Alex and Ani, LLC Is Not the Proper Defendant**

As confirmed through deposition testimony and the associated documentary record, Alex and Ani, LLC was not operating, controlling, or responsible for the website at issue during the relevant time

period. That point is no longer a matter of inference, it is established by the evidence. Specifically:

**1. UCC Article 9 Foreclosure and Transfer of Website Operations.** In July 2024, substantially all of Alex and Ani, LLC's assets, including the alexandani.com website, all website-related books and records, operational systems, data repositories, hosting infrastructure, analytics platforms, and marketing integrations, were transferred in a UCC Article 9 foreclosure transaction. Alex and Ani, LLC ceased operating the website following that transaction.

**2. Alex and Ani, LLC Did Not Operate the Website on the Date of Plaintiff's Alleged Visit.** Plaintiff alleges he visited alexandani.com on September 16, 2024. Alex and Ani, LLC's verified supplemental discovery confirm that Defendant did not operate the website on that date and does not possess records relating to Plaintiff's alleged interaction with the website. See Supplemental Response to RFP No. 12; Supplemental Response to SROG No. 6; Supplemental Response to SROG No. 10.

**3. Rule 30(b)(6) Deposition Testimony Confirms the Same.** Mr. Meyer's

10 of 14

February 24, 2026 Rule 30(b)(6) deposition testimony confirmed that Alex and Ani, LLC no longer maintains or operates the operational infrastructure historically associated with alexandani.com, does not maintain administrative access to those systems, does not possess credentials permitting access, and does not have the legal right or practical ability to obtain records from the entities that acquired the operational assets.

**4. Alex and Ani, LLC Is in Wind-Down With No California Presence.** Alex and Ani, LLC has no offices in California, has not manufactured products in California, and has not operated brick-and-mortar retail locations in California since 2023. See Supplemental Responses to RFP Nos. 19 and 21.

**5. Alex and Ani, LLC Has No Responsive Documents.** Across 37 Requests for Production and 14 Special Interrogatories, Alex and Ani, LLC was unable to locate a single responsive document within its possession, custody, or control. Every substantive response confirms the same: the relevant materials were transferred in the July 2024 foreclosure and are now held by the successor entity.

In that posture, there is no good-

faith basis to continue to maintain claims against Alex and Ani, LLC, and its continued inclusion only serves to complicate and prolong proceedings unnecessarily.

## II. Proposed Path Forward

At the same time, we understand that Plaintiff has identified and named additional defendants in the First Amended Complaint who are alleged to have had operational responsibility for the website. Our understanding is that those newly named defendants have not yet been served.

Against that backdrop, we propose a practical path forward:

**1. Dismissal of Alex and Ani, LLC:** Plaintiff agrees to dismiss Alex and Ani, LLC with prejudice.

**2. Stipulation Regarding Timing:** The parties stipulate to hold in abeyance further proceedings as to the remaining claims for a reasonable period to allow Plaintiff to perfect service on the newly named defendants.

This approach aligns the pleadings with the actual evidentiary record, avoids unnecessary motion practice, and allows the case to proceed against the proper parties once they are brought before the

Court.

If Plaintiff is unwilling to agree to the above, Defendant intends to file its Rule 12 motion by the April 17, 2026 deadline set by the Court's Order.

### III. Proposed Agenda for April 10 Conference

To ensure our call satisfies the Court's requirements, I propose we address:

> a. Whether Plaintiff disputes any of the facts set forth above;
>
> b. If so, the factual and evidentiary basis for that dispute;
>
> c. Whether a stipulated dismissal and abeyance can resolve this issue without motion practice;
>
> d. If not, the scope of the anticipated motion and any areas of agreement.

Please confirm April 10 at 10:00 a.m. at your earliest convenience. We are also available to discuss informally beforehand and can circulate a short stipulation reflecting the above if you are amenable.

Best regards,


Alexandra Kazarian

Historic Engine Co. 28

644 S. Figueroa St.

Los Angeles, CA 90017

Phone: (213) 290-2478

fax: (562) 947-8323

www.alexkazlaw.com

ak@alexkazlaw.com