Robert Tauler (SBN 241964)
robert@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 1100
Los Angeles, California 90017
Tel: (213) 927-9270

*Attorneys for Plaintiff*
*Milan Hassid*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MILAN HASSID, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>ALEX AND ANI LLC, a Rhode Island limited liability company; THE BATHING CLUB LLC, a New York limited liability company; LMGL LLC, a Delaware limited liability company; MLLG LLC, a Delaware limited liability company; LC A&A HOLDINGS INC., a Delaware corporation; and DOES 5 through 25, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00679-FMO-AYP<br><br>**PLAINTIFF MILAN HASSID'S OPPOSITION TO DEFENDANT ALEX AND ANI, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br><u>Hearing</u><br>Date: May 21, 2026<br>Time: 10:00 am<br>Courtroom: 6D |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Alex and Ani, LLC's ("Defendant") most recent 12(b) motion should be denied for the same reasons its previous motions have been denied. First, Defendant's prior attempts to dismiss under Rule 12(b) (Dkt. 12, 24) have raised almost parallel issues as the present motion. For example, Defendant again argues that Plaintiff has no Article III injury, that the Court lacks personal jurisdiction, that TikTok tracking is not actionable under California's Trap and Trace Law, that Plaintiff lacks a protected privacy interest, and that consent defeats the claim. But the Court already considered and rejected those arguments in denying Defendant's prior motion to dismiss. (Dkt. 23). While the Court provided all defendants a deadline of April 17 to submit "Answers to the First Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12," the Court did not grant leave to relitigate matters it has already decided as to the same defendant. (Dkt. 54).

Indeed, the only new argument is that Defendant should be dismissed because the Court granted Plaintiff's Motion for Leave to file a First Amended Complaint (Dkt. 53) which added additional parties. Defendant's reasoning is that because there are now other entities, that they exclusively bear culpability, and that Alex and Ani is the "wrong entity." The FAC specifically alleges: "To the extent one Defendant contends it did not "operate" the Website at a particular time, Plaintiff alleges in the alternative that such Defendant directed, controlled, authorized, ratified, or benefited from the use of the TikTok Software and the data transmissions at issue." (Dkt. 57 at ¶ 29). This should foreclose arguments to the contrary in a 12(b)(6) motion. Moreover, Alex and Ani's role in the underlying misconduct should not in any case be resolved at this stage. Alex and Ani's role is fact-bound and relies on material outside the pleadings. Alex and Ani's request that the Court adopt their version of events also flies in the face of ongoing discovery disputes where Alex and Ani have been sanctioned for failing to produce any records in relation to its "wrong entity" defense. (See Dkt. 50:6)(The "response to all thirty-one (31) Document Requests, Defendant stated 'Defendant has no responsive documents.'"). Finally, Alex

and Ani has arguably waived its ability to challenge any new allegations as it did not oppose the amendment in any manner. (Dkt. 54-1:20-22)

In sum, there is no good reason for the Court to dismiss Alex and Ani from this dispute given this state of affairs.

## II. RELEVANT FACTUAL BACKGROUND

Plaintiff brought this action under California Penal Code section 638.51 based on Defendant's alleged installation and use of TikTok Software on www.alexandani.com to capture identifying routing, addressing, signaling, browser, device, URL, referral, geolocation, and related information from California website visitors.

Defendant previously moved to dismiss Plaintiff's original complaint under Rules 12(b)(1), 12(b)(2), and 12(b)(6). Defendant argued that Plaintiff lacked Article III standing, that the Court lacked personal jurisdiction, that California's Trap and Trace Law does not apply to websites or TikTok tracking technology, that Plaintiff failed to allege injury, and that statutory exemptions or consent barred the claim. The Court denied that motion. The order specifically identified Defendant's challenges as including standing, personal jurisdiction, failure to state a claim, statutory applicability, injury, and exemptions.

In denying the prior motion, the Court held that Plaintiff adequately alleged Article III standing because he visited Defendant's website after the TikTok Software was installed and because the alleged tracking practices enabled the collection of personalized information. The Court also held that Plaintiff sufficiently alleged personal jurisdiction because the website appealed to and profited from a California audience and was used to collect information from users knowing privacy harms would be suffered in California. The Court further held that Plaintiff adequately alleged the TikTok Software qualifies as a trap-and-trace device or process under Penal Code section 638.50(c), and it rejected Defendant's consent argument because Plaintiff alleged that he was the website user and did not give express or implied consent.

After the Court denied Defendant's motion, Defendant answered. Plaintiff later amended the complaint to add additional entities involved in the ownership, operation,

control, administration, marketing, or direction of the website following a July 2024 foreclosure transaction.

Defendant now moves again under Rules 12(b)(1), 12(b)(2), and 12(b)(6). The renewed motion asserts that A&A LLC is the "wrong entity," that post-foreclosure control allegedly rested with other entities, that the FAC pleads impermissibly collective or alternative allegations, and that privacy-policy disclosures and non-sensitive data defeat Plaintiff's claim. Defendant's own notice describes the motion as based on three grounds: post-July 2024 standing/traceability, failure to plead facts tying A&A LLC to the website at the time of Plaintiff's visit, and consent/privacy-policy disclosures. Defendant also relies on discovery responses, Rule 30(b)(6) testimony, the alleged absence of responsive documents, and its insurer's denial of coverage to support dismissal.

## III. LEGAL STANDARD

### A. <u>Legal Standard for a Motion to Dismiss Under Rule 12 (b)(1).</u>

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal based upon lack of subject matter jurisdiction. Further, a Rule 12 (b)(1) motion challenging Article III standing as a matter of subject matter jurisdiction may raise either a facial or factual challenge. *See Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). The plaintiff bears the burden of proving subject matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.,* 598 F.3d 1115, 1122 (9th Cir. 2010).

A facial attack challenges the sufficiency of jurisdictional allegations within a complaint. *Safe Air,* 373 F.3d at 1039. Thus, although the plaintiff bears the burden of proving subject matter jurisdiction, the Court must accept all factual allegations in the complaint as true and draw all inferences in the plaintiff's favor when evaluating a facial attack. *Doe v. Holy See,* 557 F.3d 1066, 1073 (9th Cir. 2009). In a factual attack, the movant challenges the truth of the plaintiff's subject matter jurisdiction allegations using extrinsic evidence. *Safe Air,* 373 F.3d at 1039. A moving party "convert[s] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the

court." *Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (internal citations omitted).

"[J]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional." *Id.* Rule 12(b)(1) dismissal is appropriate only if the plaintiff's allegations are frivolous. *Id.* at 1039-40; *See also Thornhill Publi'g Co. v. Gen. Tel. Co.,* 594 F.2d 730, 734 (9th Cir. 1979). Further, when resolution of a Rule (12)(b)(1) factual challenge turns on resolution of disputed factual issues going to the merits of the action, the court must treat the motion like one for summary judgment and leave any disputed factual issue to be resolved at trial. *See, e.g., Bowen v. Energizer Holdings, Inc.,* 118 F.4th 1134, 1143 (9th Cir. 2024). "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air,* 373 F.3d at 1039 (internal quotation omitted). Thus, granting a 12(b)(1) motion would not be appropriate where a plaintiff successfully "raise[s] a right to relief above the speculative level" and has stated sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570.

**B. <u>Legal Standard for a Motion to Dismiss Under Rule 12 (b)(2).</u>**

"On a motion to dismiss for lack of personal jurisdiction, the court 'take[s] as true all uncontroverted allegations in the complaint.'" *First Capitol Consulting, Inc. v. NetTax, LLC,* No. 2:23-cv-07837-MRA-AGR, 2025 U.S. Dist. LEXIS 27438, at *2 n.1 (C.D. Cal. Feb. 14, 2025) (quoting *LNS Enters LLC v. Cont'l Motors, Inc.*, 22 F. 4th 852, 858 (9th Cir. 1977)). Where a defendant's Rule 12(b)(2) motion to dismiss "is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 502 (9th Cir. 2023) (citation and internal quotation marks omitted). This showing may include reasonable inferences made from a complaint's material factual allegations in the plaintiff's favor. *See, e.g., Fiore v. Walden,* 688 F.3d 558, 575 (9th Cir.

2012) ("We will draw reasonable inferences from the complaint in favor of the plaintiff where personal jurisdiction is at stake and will assume credibility.").

### C. Legal Standard for a Motion to Dismiss Under Rule 12 (b)(6).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Dismissal under Rule 12(b)(6) is proper only when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988). The Court "must accept" all facts alleged by Plaintiff "as true." *Caltex Plastics, Inc. v. Lockheed Martin Corp.,* 824 F.3d 1156, 1159 (9th Cir. 2016). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "It is axiomatic that the motion to dismiss . . . is viewed with disfavor and is rarely granted." *Ernst & Haas Mgmt. Co., Inc. v. Hiscox, Inc.,* 23 F.4th 1195, 1199 (9th Cir. 2022) (citation omitted).

## IV. ARGUMENT

### A. Defendant's Motion Improperly Relitigates Issues Raised in Prior Rule 12 Motions.

Rule 12 does not permit Defendant to keep filing successive motions to dismiss against the same claim based on the same theories until it obtains a different result. *See* Fed. R. Civ. P. 12(g). Instead, if a party makes a motion under Rule 12, but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted. *See Id.*

The reason why this rule exists is to avoid defendants interposing "piecemeal defenses," that "delay the filing of a responsive pleading," even though those defenses were available at the time of the original motion but not included. *Apothio, LLC v. Kern Cty.,* 599 F. Supp. 3d 983, 1016 (E.D. Cal. 2022) (internal quotations omitted); *see also Puccio v. Love* (S.D.Cal. June 25, 2018, No. 16-CV-2890 W (BGS)) 2018 U.S.Dist.LEXIS 105962, at *8-9; *see also Williams & Cochrane, LLP v. Quechan Tribe of Fort Yuma Indian Rsrv.* (S.D. Cal. 2018) 329 F.R.D. 247, 254-55 (denying motion to dismiss under Rule 12(b)(6) when defenses could have been presented simultaneously with motion to strike under Rule 12.).

Thus, any defenses that could have, but were not, previously raised "may not be the basis of a second pre-answer motion." *Id.* Rule 12(b) provides that a motion asserting Rule 12 defenses "must be made before pleading if a responsive pleading is allowed." Defendant already had that opportunity. Defendant used it. Defendant lost.

Here, the bulk of Defendant's motion is worse than omitted; the arguments were already raised, briefed, and rejected. Defendant's renewed motion is therefore an improper successive Rule 12 motion.

Nor does the Court's order allowing Defendants to file "Answers to the First Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12" grant Defendant permission to relitigate every issue it previously lost. That order established a deadline for responses to the amended pleading. It did not invite reconsideration of the Court's prior ruling. It did not vacate the prior order. And it did not authorize Defendant to repackage the same Article III, personal jurisdiction, CIPA, privacy-interest, and consent arguments as though the Court had never addressed them.

To the extent Defendant's motion can be considered a motion for reconsideration, it should also be denied. Defendant has not identified any intervening change in law, newly discovered evidence warranting reconsideration, or clear error in the Court's prior ruling. Instead, Defendant simply disagrees with the Court's order and seeks another opportunity to make the same arguments. That is not proper motion practice.

The First Amended Complaint does not erase the Court's prior rulings. Plaintiff's core theory remains the same: Defendants installed, used, authorized, ratified, or benefited from TikTok tracking technology on the Alex and Ani website to capture identifying information from California visitors without consent or a court order. The addition of related entities (all based in California) does not reopen every legal issue already decided as to Alex and Ani, LLC.

**B. <u>The Remaining Arguments Raised Improperly Rely on Documentary Evidence in violation of Rule 12.</u>**

The only materially new issue in Defendant's motion is its assertion that Alex and Ani, LLC is supposedly the "wrong entity." Put simply, Defendant contends that a July 2024 bankruptcy foreclosure proceeding, initiated by co-defendant companies with the same closely held ownership as Alex and Ani allegedly transferred ownership or control of the website before Plaintiff's September 2024 visit. Defendants motion is largely based on a self-serving narrative about this foreclosure, including the unsupported conclusion that it has the effect of absolving Alex and Ani from any responsibility to the prospective class, which in any event would stretch past the date of the foreclosure.

Defendant's argument doesn't hold any water. Even the stated terms of the foreclosure do not provide a basis for dismissal of Defendant given the nature of the allegations in the FAC, which specifically foreclose Defendant's legal argument. Paragraph 29 of the operating complaint states:

"To the extent one Defendant contends it did not "operate" the Website at a particular time, Plaintiff alleges in the alternative that such Defendant directed, controlled, authorized, ratified, or benefited from the use of the TikTok Software and the data transmissions at issue." (Dkt. 57 at ¶ 29)

The First Amended Complaint also alleged alter ego liability (Dkt. 57 at ¶ 13) Moreover, the details of Alex and Ani's self-initiated bankruptcy foreclosure remain the subject of ongoing discovery disputes related to the "who, what, where, and when" of the asset transfers and the impact of these decisions on the prospective class.

Moreover, Defendant's position appears particularly insincere given their own well documented discovery misconduct in this case, already being sanctioned in connection with their failure to produce records relating to this same "wrong entity" defense they now posit as a *fait accompli*. (Dkt. 50) Again, disputes as to the ownership of relevant assets and decision-making during the class period remain ongoing.

Notwithstanding their prior conduct, Defendant's "wrong entity" defense necessarily relies exclusively on extrinsic evidence, which is wholly improper here. When ruling on a Rule 12(b)(6) motion to dismiss, a court generally may not consider any material beyond the pleadings. *Sanchez v. Nurture, Inc.* (N.D. Cal. 2022) 626 F. Supp. 3d 1107, 1114. While a court may, in its discretion, consider evidence beyond the complaint, such evidence is limited to resolving disputed jurisdictional facts under 12(b)(1) factual challenges. *See David v. Giurbino* (S.D.Cal. 2007) 488 F.Supp.2d 1048, 1054; *see also Bean v. Littell* (D. Ariz. 2008) 669 F.Supp.2d 1031, 1039.

Here, Defendant relies on discovery responses, deposition testimony, alleged foreclosure documents, supposed absence of records, an insurer's position, and Defendant's own interpretation of corporate-control materials, which cannot form the basis of the Court's analysis under rule 12(b)(1) or (b)(6). *See Sanchez*, 626 F. Supp. 3d at 1114; *See United States v. Ritchie* (9th Cir. 2003) 342 F.3d 903, 907; *See E.D.C. Techs., Inc. v. Seidel* (N.D.Cal. 2016) 216 F. Supp. 3d 1012, 1014. Thus, the evidence Defendant points to here may not be used to resolve or adjudicate new defenses, like Defendant's "wrong entity" defense.

If the Court considers those materials in connection with Defendant's Rule 12(b)(6) motion, Rule 12(d) requires that the motion "be treated as one for summary judgment" and that Plaintiff be given a reasonable opportunity to "present all material pertinent to the motion." Fed. R. Civ. P. 12(d); *See Sanchez*, 626 F. Supp. 3d at 1114 (declaring if matters outside the pleadings are considered, "the motion must be treated as one for summary judgment."). A court may consider "certain materials, documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial

notice, without converting the motion to dismiss into a motion for summary judgment." *Ritchie,* 342 F.3d 903, 907; *See also Seidel*, 216 F. Supp. 3d at 1014; *Giurbino,* 488 F.Supp.2d at 1054.

Here, Defendant's extrinsic evidence fits none of those categories. Plaintiff has not yet had a fair opportunity to conduct full discovery into the factual issues Defendant places at the center of its motion.

Those issues include, among others: (1) Who among the defendants owned and controlled the domain and the website during the class period; (2) Who among the defendants received or benefitted from the tracking involved by way of data, analytics, marketing benefits or other remuneration; (3) Whether Alex and Ani, LLC retained any operational role after the alleged foreclosure; (4) Whether the newly added entities acted as successors, agents, alter egos, joint venturers, or participants in a common enterprise; (5) Whether Defendant authorized, ratified, directed, or benefited from the challenged conduct.

These are factual questions. Defendant should not obtain dismissal now by asking the Court to accept its disputed narrative of the facts.

**V. CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests the Court deny the Motion to Dismiss, or in the alternative, permit Plaintiff leave to amend to add more facts should the Court find the Complaint deficient.

DATED: April 30, 2026

**TAULER SMITH LLP**

By: */s/ Robert Tauler*
Robert Tauler, Esq.
Attorneys for Plaintiff
Milan Hassid

**LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Milan Hassid, certifies that this brief contains 2,977 words, which complies with the word limit of L.R. 11-6.1.

DATED: April 30, 2026

**TAULER SMITH LLP**

By: */s/ Robert Tauler*
Robert Tauler, Esq.
Attorneys for Plaintiff
Milan Hassid