**THE LAW OFFICE OF**
**ALEXANDRA KAZARIAN**
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 290-2478
FACSIMILE (213) 232-3255
**ALEXANDRA KAZARIAN SBN 244494**

*Attorney for Defendant*
ALEX AND ANI, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MILAN HASSID, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALEX AND ANI LLC, a Rhode Island limited liability company; THE BATHING CLUB LLC, a New York limited liability company; LMGL LLC, a Delaware limited liability company; MLLG LLC, a Delaware limited liability company; LC A&A HOLDINGS INC., a Delaware corporation; and DOES 5 through 25, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00679-FMO-AYP<br>*The Hon. Fernando M. Olguin Presiding*<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date: May 21, 2026<br>Time: 10:00 a.m.<br>Ctrm: 6D<br>Judge: Hon. Fernando M. Olguin |

**Table of Contents**

MEMORANDUM OF POINTS AND AUTHORITIES ....................................1

I. INTRODUCTION .......................................................................... 1

II. ARGUMENT ............................................................................... 1

A. Consent to Amendment Does Not Waive Motion to Dismiss Rights. ........................................................................ 1

B. Defendant A&A LLC's Instant Motion to Dismiss Is Not Barred Because the Instant Motion Responds to New Allegations in the FAC. ..........................................................................2

C. Extrinsic Evidence May be Considered on a Factual Challenge to Jurisdiction. .......................................................................6

D. The Properly Presented Extrinsic Evidence Reveals that Plaintiff Does Not Have Standing to Sue Alex and Ani, LLC. ..................... 7

E. Even if the Court Does Not Consider the Extrinsic Evidence, it is Clear From the Face of the FAC that Plaintiff Does Not Have Standing to Sue Alex and Ani, LLC. ............................................. 9

III. CONCLUSION ..........................................................................10

CERTIFICATION OF COMPLIANCE ........................................................ 12

# Table of Authorities

## CASES

*Apothio, LLC v. Kern Cnty.*,
599 F. Supp. 3d 983 (E.D. Cal. 2022)........................................................ 4

*Bowen v. Energizer Holdings, Inc.*,
118 F.4th 1134 (9th Cir. 2024)................................................................. 7

*Chao v. Aurora Loan Services*,
2013 WL 5487420 (N.D. Cal. Sept. 30, 2013).........................................3

*Coal. for ICANN Transparency Inc. v. VeriSign, Inc.*,
771 F. Supp. 2d 1195 (N.D. Cal. 2011)....................................................2

*Diehl v. Starbucks Corp.*,
2014 WL 12540524 (S.D. Cal. June 17, 2014)......................................... 3

*Food & Drug Admin. v. All. for Hippocratic Med.*,
602 U.S. 367, 383 (2024).............................................................................8

*Gabrielli v. Insider, Inc.*,
No. 24-CV-01566 (ER), 2025 WL 522515, at *5 (S.D.N.Y. Feb. 18, 2025)
........................................................................................................... 9

*In re Sony Grand Wega KDF-EA10/A20 Series Rear Projection HDTV Television Litig.*,
758 F. Supp. 2d 1077, 1098 (S.D. Cal. 2010)...........................................3

*In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*,
903 F. Supp. 2d 880, 893 (C.D. Cal. 2012)............................................... 3

*Lacey v. Maricopa Cty.*,
693 F.3d 896, 928 (9th Cir. 2012)........................................................ 2, 3

*Migliaccio v. Midland Nat. Life Ins. Co.*,
2007 WL 316873, at *3 (C.D. Cal. Jan. 30, 2007)...................................3

*MSP Recovery Claims, Series LLC v. Amgen Inc.*,

787 F. Supp. 3d 1046, 1076 (C.D. Cal. 2025)........................................... 6

*O'Handley v. Padilla*,
579 F. Supp. 3d 1163, 1178 (N.D. Cal. 2022).......................................6, 7

*Puccio v. Love*, No. 16-CV-2890 W (BGS),
2018 WL 3105494, *1 (S.D. Cal. June 25, 2018)..................................... 5

*Renee v. Duncan*,
686 F.3d 1002, 1012 (9th Cir. 2012)........................................................ 5

*Stamas v. Cty. of Madera*,
2010 WL 289310, at *4 (E.D. Cal. Jan. 15, 2010).................................... 3

*Sywula v. Teleport Mobility, Inc.*,
652 F. Supp. 3d 1195, 1210 (S.D. Cal. 2023)....................................... 6, 7

*Williams & Cochrane, LLP v. Quechan Tribe*,
329 F.R.D. 247, 254–55 (S.D. Cal. 2018)................................................. 4

**STATUTES**

Fed. R. Civ. Proc. Rule 12.........................................................................2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Opposition rests on a single load-bearing claim: Rule 12(g)(2) bars this Motion as a successive Rule 12 filing because the Court already adjudicated the same defenses in denying the prior motion to dismiss. That claim is wrong on three independent grounds. First, the First Amended Complaint (FAC) superseded the original Complaint and reset the Rule 12 landscape. Second, the Court's April 1, 2026 Order expressly authorized, without limitation, a motion pursuant to Fed. R. Civ. P. 12 against the FAC. Third, Rule 12(h)(2) and (h)(3) preserve failure-to-state and subject-matter-jurisdiction defenses at this juncture.

## II. ARGUMENT

### A. Consent to Amendment Does Not Waive Motion to Dismiss Rights.

In the Ninth Circuit, a defendant's failure to oppose amendment of a complaint does not waive the defendant's right to file a motion to dismiss the amended complaint. When a defendant consents to or does not oppose the filing of an amended complaint, this consent relates only to the procedural aspect of allowing the amendment, not to waiving substantive challenges to the amended pleading.

The matter of *Coalition for ICANN Transparency Inc. v. VeriSign, Inc.* presents a helpful example of how courts construe consent or non-opposition to amendment in the context of dismissal. *Coal. for ICANN Transparency Inc. v. VeriSign, Inc.*, 771 F. Supp. 2d 1195 (N.D. Cal. 2011) ("*VeriSign*"). In *VeriSign*, the plaintiff filed a motion for leave to file a Third Amended Complaint, and the defendant filed a statement of non-opposition. *Id.* at 1199. Thereafter, the defendant filed a motion to dismiss the Third Amended Complaint, which the court granted "with leave to amend with respect to standing and [the defendant's] activities in the .net registration market and without leave to seek a disgorgement remedy or a jury trial." *Id*. at 1197. Courts do not construe non-opposition to the filing of an amended complaint as waiver of motion to dismiss rights. Nor could they, as Rule 12(h) does not include non-opposition or consent to amendment as an enumerated procedural act which would waive the right to file a motion to dismiss as provided under the rule. Fed. R. Civ. Proc. Rule 12(h).

**B. Defendant A&A LLC's Instant Motion to Dismiss Is Not Barred Because the Instant Motion Responds to New Allegations in the FAC.**

In the Ninth Circuit, a motion to dismiss an amended complaint is properly brought when the amended complaint asserts new allegations, and

such a motion is not barred where the allegations differ in the amended complaint. *Lacey v. Maricopa Cty*., 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

An "amended complaint supersedes the original, the latter being treated thereafter as nonexistent." *Id.* Accordingly, it is permissible that a defendant may file a successive motion to dismiss an amended complaint. *See, e.g.*, *In re Sony Grand Wega KDF-EA10/A20 Series Rear Projection HDTV Television Litig*., 758 F. Supp. 2d 1077, 1098 (S.D. Cal. 2010) ("When Plaintiffs filed [an Amended Complaint] it superseded their previous complaint, and [Defendant] was therefore free to move again for dismissal"); *In re WellPoint, Inc. Out-of-Network UCR Rates Litig*., 903 F. Supp. 2d 880, 893 (C.D. Cal. 2012) (explaining district courts within the Ninth Circuit have "permitted defendants moving to dismiss an amended complaint to make arguments previously made and to raise new arguments that were previously available"); *Diehl v. Starbucks Corp*., 2014 WL 12540524, at *4 (S.D. Cal. June 17, 2014) (same); *Chao v. Aurora Loan Services*, 2013 WL 5487420, at *4 (N.D. Cal. Sept. 30, 2013) ("Although Plaintiffs' frustration with [Defendant's] incessant motion practice is understandable ... Defendant is entitled to bring another motion to dismiss in response to a newly-filed pleading"); *Stamas v. Cty. of Madera*, 2010 WL 289310, at *4 (E.D. Cal. Jan. 15, 2010) ("[A]n amended pleading is a new round of pleadings ... and is subject to the same challenges as the original (i.e.,

motion to dismiss, to strike, for more definite statement")); *Migliaccio v. Midland Nat. Life Ins. Co.*, 2007 WL 316873, at *3 (C.D. Cal. Jan. 30, 2007) (rejecting plaintiffs' argument that Rule 12(g)(2) prohibited defendants from filing a successive motion to dismiss after plaintiffs amended their complaint).

Furthermore, Plaintiff's authorities do not support his position. The "piecemeal defenses" that "delay the filing of a responsive pleading" which the Court admonished against in *Apothio, LLC v. Kern County* are clearly distinguishable from Defendant Alex and Ani LLC's (A&A LLC) instant motion to dismiss the FAC. *See Apothio, LLC v. Kern Cnty*., 599 F. Supp. 3d 983, 1016 (E.D. Cal. 2022). In *Apothio*, the defendants improperly filed multiple motions pursuant to separate subsections of Rule 12. *Id.* at 1016-17. The court in *Apothio* took issue with the multiple Rule 12 motions because they should have been brought at once as an omnibus motion. *Id.* The issue and ruling in *Williams & Cochrane, LLP v. Quechan Tribe*, 329 F.R.D. 247, 254–55 (S.D. Cal. 2018) are the same as *Apothio*. In contrast, Defendant A&A LLC's instant motion to dismiss the FAC is explicitly and exclusively responsive to the FAC, and no other Rule 12 motion has been filed by A&A LLC with regards to the FAC. Accordingly, A&A LLC's motion to dismiss is clearly permissible under Rule 12(h)(2).

Plaintiff's remaining authorities are even less instructive on the issue of waiver of right to motion to dismiss. The motion before the court in *Puccio v. Love*, No. 16-CV-2890 W (BGS), 2018 WL 3105494, *1 (S.D. Cal. June 25, 2018) was one brought by the plaintiffs to strike five affirmative defenses in the defendant's amended Answer. The court determined that the plaintiffs in *Puccio* "had the opportunity to move to strike these defenses in the prior motion to strike, and they did not avail themselves of it." *Id.*, at *3. Accordingly, the court deemed those objections waived. *Id.*

Here, A&A LLC's instant motion to dismiss responds to the genuinely new pleading content and a genuinely new factual record that postdates Dkt. 49, including but not limited to: (i) Article III traceability against Alex and Ani, LLC, on a post-July 2024 foreclosure record that was not before the Court in Dkt. 49; and (ii) the FAC's new ¶ 29 group-pleading construction which both now unequivocally defeat standing. Plaintiff's new allegations clearly demonstrate that Plaintiff has no standing to sue A&A LLC.

Moreover, standing is a constitutional jurisdictional requirement under Article III that cannot be waived. The Ninth Circuit has stated this very clearly: "Lack of Article III standing is a non-waivable jurisdictional defect that may be raised at any time, even on appeal after failing to raise it in the district court." *Renee v. Duncan*, 686 F.3d 1002, 1012 (9th Cir. 2012). Plaintiff's attempt to

stonewall A&A LLC from raising to the Court the serious, constitutional issue of lack of standing is improper and completely unsupported by law.

**C. Extrinsic Evidence May be Considered on a Factual Challenge to Jurisdiction.**

Courts in the Ninth Circuit have broad latitude to consider extrinsic evidence when addressing factual challenges to subject matter jurisdiction. "'In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits' without converting the motion into one for summary judgment." *MSP Recovery Claims, Series LLC v. Amgen Inc.*, 787 F. Supp. 3d 1046, 1076 (C.D. Cal. 2025) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.4 (11th Cir. 2003)). Plaintiff's position to the contrary is plainly wrong.

Courts may review any evidence to resolve factual disputes concerning the existence of jurisdiction, including declarations, deposition testimony, and documentary evidence that bears on jurisdictional fact. *See e.g. O'Handley v. Padilla*, 579 F. Supp. 3d 1163, 1178 (N.D. Cal. 2022), *aff'd sub nom. O'Handley v. Weber*, 62 F.4th 1145 (9th Cir. 2023) ("When addressing a factual attack, however, courts may consider evidence like declarations submitted by the parties, and the party opposing the motion to dismiss has the burden of establishing subject matter jurisdiction by a preponderance of the evidence.");

*Sywula v. Teleport Mobility, Inc.*, 652 F. Supp. 3d 1195, 1210 (S.D. Cal. 2023) ("the Court has wide latitude to consider the 'entire record' and assess whether any evidence therein bears upon the issues put into contention by a factual challenge to subject matter jurisdiction").

Plaintiff's argument that the Court may not consider evidence beyond the complaint focuses misrepresents all of A&A LLC's motion to dismiss as one to dismiss for failure to state a claim; A&A LLC moves to dismiss pursuant to Rule 12(b)(1) & 12(b)(6). In accord with the authorities provided in the preceding paragraph, the Court has wide latitude on a motion to dismiss pursuant to Rule 12(b)(1) to consider the entire record, and any declarations made in support thereof, "and assess whether any evidence therein bears upon the issues put into contention by a factual challenge to subject matter jurisdiction." *Sywula*, 652 F. Supp. 3d at 1210. *See also O'Handley*, 579 F. Supp. 3d at 1178.

**D. The Properly Presented Extrinsic Evidence Reveals that Plaintiff Does Not Have Standing to Sue Alex and Ani, LLC.**

Once a defendant contests the truth of jurisdictional allegations through a factual attack, "the plaintiff has the burden to support her jurisdictional allegations with competent proof." *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1142 (9th Cir. 2024) (internal quotations omitted). The instant

challenge is one which is "separable from the merits," not the "intertwined" category that limited the factual attack in *Bowen*. *See id.* at 1143. Whether A&A LLC owned, operated, or controlled the alexandani.com website on September 16, 2024 is a threshold identification fact wholly separable from the substantive elements of Plaintiff's CIPA § 638.51 claim, and Plaintiff's own Motion for Leave to Amend confirms the separation by alleging that the post-foreclosure successor entities, not A&A LLC, owned, operated, controlled, administered, or otherwise directed the website post-foreclosure. ECF No. 53 at 8.

To establish Article III standing, a plaintiff must demonstrate that their injury is fairly traceable to the challenged conduct of the defendant, and not the result of the independent action of a third party. *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 383 (2024) ("the causation requirement screens out plaintiffs who were not injured by the defendant's action"). It is undisputed that A&A LLC did not control the domain and website at the time that Plaintiff alleges that he visited the website. A&A LLC has provided verified discovery responses confirming that that "Defendant did not own or operate the website on September 16, 2024." ECF No. 53-3 at 5. Defendant's verified statements further confirm that, in July 2024, substantially all assets, including website-related books, records, and operational systems, were

transferred in a UCC Article 9 foreclosure, leaving Defendant without possession, custody, or control of website systems thereafter. ECF No. 53-3 at 9.

Plaintiff even created his own summary chart illustrating Plaintiff's understanding of the transfer of Alex and Ani, LLC's assets at the time of the July 2024 foreclosure and the subsequent asset transfers post-foreclosure, titled "Foreclosure and Post-Foreclosure Structure Chart." ECF No. 53-1, ¶ 13. Plaintiff's position only further solidifies that Plaintiff has no standing to bring a claim against A&A LLC for any activities that allegedly occurred on the alexandani.com web domain on September 16, 2024 because Plaintiff's injury cannot reasonably be traced to A&A LLC.

### E. Even if the Court Does Not Consider the Extrinsic Evidence, it is Clear From the Face of the FAC that Plaintiff Does Not Have Standing to Sue Alex and Ani, LLC.

On the face of the FAC, Plaintiff has demonstrated that he has not suffered an injury in fact. While there is case law that supports "the proposition that the unauthorized collection of web browsing information can certainly implicate a legally protected privacy interest sufficient to confer standing[…,] an IP address which cannot identify an individual user and at most conveys general geographic information does not justify the same conclusion." *Gabrielli*

*v. Insider, Inc.*, No. 24-CV-01566 (ER), 2025 WL 522515, at *5 (S.D.N.Y. Feb. 18, 2025).

Here, Plaintiff has alleged the very same collection of purportedly personally identifying information as the plaintiff in *Gabrielli*, namely collection of the web user's IP address and, at most, general geographic information. *Accord id.* at *5 *with* ECF Doc. No. 57 at ¶ 18. Plaintiff has alleged that *after* the TikTok software obtains deviser and browser information (read "IP address"), the TikTok "Auto Advanced Matching" technology scans other websites, not alexandani.com, for publicly available sources that may already have the web user's name, date of birth, and address. ECF Doc. No. 57 at ¶ 20. Plaintiff has not suffered an injury in fact and therefore has no standing to bring the instant action against Alex and Ani, LLC or any other defendant for that matter.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's First Amended Class Action Complaint should be dismissed with prejudice as to Defendant Alex and Ani LLC.

DATED: May 7, 2026

**THE LAW OFFICE OF**
**ALEXANDRA KAZARIAN**

By: _/s/ Alexandra Kazarian_
ALEXANDRA KAZARIAN
ATTORNEY FOR DEFENDANT
ALEX AND ANI, LLC

**CERTIFICATION OF COMPLIANCE**

The undersigned, counsel of record for Defendant Alex & Ani LLC, certifies that this brief contains 2,141 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 7, 2026

Respectfully submitted,

*/s/ Alexandra Kazarian*
ALEXANDRA KAZARIAN

**PROOF OF SERVICE**

I, Alexandra Kazarian, declare:

I am a citizen of the United States and employed in the State of California. I am over the age of 18 years and am not a party to the within-entitled action. My business address is 644 S. Figueroa Street, Los Angeles, California 90017.

On May 7, 2026, I electronically filed via my electronic service address (ak@alexkazlaw.com) the attached document:

**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

Robert Tauler
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 550
Los Angeles, CA 90017
213-927-9270
Email: robert@taulersmith.com
Attorneys for Plaintiff Milan Hassid

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 7, 2026, at Los Angeles, California.

*/s/Alexandra Kazarian*
*Alexandra Kazarian*