JENNIFER E. NEWCOMB (SBN 287314)
TIMOTHY J. LEPORE (SBN 294247)
ROPERS MAJESKI PC
801 South Figueroa St, Suite 2100
Los Angeles, CA 90017
Telephone: 213.312.2000
Facsimile: 213.312.2001
Email: jennifer.newcomb@ropers.com
timothy.lepore@ropers.com

Attorneys for Defendants
THE BATHING CLUB LLC, LMGL LLC,
MLLG LLC, AND LC A&A HOLDINGS INC.

ROPERS MAJESKI
A Professional Corporation
Los Angeles

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MILAN HASSID, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ALEX AND ANI, LLC, a Rhode Island limited liability company; THE BATHING CLUB LLC, a New York limited liability company; LMGL LLC, a Delaware limited liability company; MLLG LLC, a Delaware limited liability company; LC A&A HOLDINGS INC., a Delaware corporation; and DOES 5 through 25, inclusive,

Defendants.

Case No. 2:25-cv-00679-FMO-AYP

**DEFENDANTS THE BATHING CLUB LLC, LMGL LLC, MLLG LLC, AND LC A&A HOLDINGS INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUMS OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[Filed concurrently with Declaration of Timothy J. Lepore and [Proposed] Order]

Judge: Hon. Fernando M. Olguin
Date: September 10, 2026
Time: 10:00 a.m. PST
Location: Courtroom 6D
350 W. 1st Street, Suite 4311
Los Angeles, CA 90012

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT** on September 10, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Fernando M. Olguin of the above-entitled Court, located at Courtroom 6D at 350 West 1st Street, Los Angeles, California 90012, Defendants The Bathing Club LLC ("TBC"), LMGL LLC ("LMGL"), MLLG LLC ("MLLG"), and LC A&A Holdings Inc. ("LC A&A") (collectively, "Defendants") will and hereby do move the Court to dismiss Plaintiff Milan Hassid's First Amended Complaint ("FAC"). This Motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), on the grounds that: (1) Plaintiff lacks Article III standing to assert claims against the moving Defendants; (2) the Court lacks personal jurisdiction over each moving Defendants; and (3) the FAC fails to state a claim upon which relief can be granted as to each moving Defendants.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file in this action, all matters of which the Court may take judicial notice, and such other evidence and argument as may be properly received by the Court. A Proposed Order is filed simultaneously herewith for the Court's consideration.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 6, 2026, when the parties discussed the contemplated motion and its potential resolution. (*See generally* Lepore. Decl, dated July 31, 2026.)

## TABLE OF CONTENTS


**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .......... 9
I. INTRODUCTION .......... 9
II. SUMMARY OF THE FIRST AMENDED COMPLAINT'S ALLEGATIONS .......... 9
III. LEGAL ARGUMENT .......... 12
A. The FAC Must Be Dismissed Because Hassid Lacks Article III Standing .......... 12
1. Hassid Has Not Pled An Injury In Fact. .......... 12
2. Hassid Has Not Pled A Concrete Harm That Is Fairly Traceable To Each Defendants' Conduct. .......... 17
B. Defendants Should Be Dismissed From This Action Because Hassid Failed To Plead Sufficient Facts To Establish Personal Jurisdiction Over Them. .......... 18
1. Hassid's Allegations Do Not Establish General Jurisdiction Exists Over Defendants. .......... 19
2. Hassid's Conclusory Allegations About Defendants' Conduct Do Not Satisfy Specific Jurisdiction. .......... 20
a. Hassid does not sufficiently allege that the moving Defendants purposefully directed their activities at this forum. .......... 20
b. Hassid's claim does not arise out of the moving Defendants' alleged California-related activities. .......... 23
C. The Court Should Also Dismiss The FAC Because Hassid Has Failed To State A Claim Under CIPA. .......... 24
1. Hassid Does Not Allege an Actionable CIPA Injury. .......... 25
2. Section 638.51 Does Not Apply To The Website. .......... 25
D. Hassid's FAC Also Violates Rule 8 Because It Collectively Pled His Allegations Against All Defendants. .......... 27
IV. CONCLUSION .......... 29


ROPERS MAJESKI
A Professional Corporation
Los Angeles

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Amba Mktg. Sys. v. Jobar Int'l, Inc.*, 551 F.2d 784 (9th Cir. 1977) .......... 19

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 24

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008) .......... 22

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010) .......... 21

*Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025) .......... 21, 22, 23, 28

*Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255 (2017) .......... 19

*Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051 (C.D. Cal. 2023) .......... 12

*Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) .......... 16

*Carolus v. Nexstar Media Inc.*, No. 24-cv-07790-VC, 2025 U.S. Dist. LEXIS 92707 (N.D. Cal. Apr. 9, 2025) .......... 15

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997) .......... 21

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) .......... 19

*Daniel v. Nat'l Park Serv.*, 891 F.3d 762 (9th Cir. 2018) .......... 17

*Flores v. EMC Mortg. Co.*, 997 F.Supp.2d 1088 (E.D. Cal. 2014) .......... 27, 28



ROPERS MAJESKI
A Professional Corporation
Los Angeles

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*,
592 U.S. 351, 141 S. Ct. 1017 (2021) ....................................................23, 24

*Gauvin v. Tombatore*,
682 F.Supp. 1067 (N.D. Cal. 1988)...........................................................27

*Heiting v. Fka Distrib. Co.*,
No. 2:24-cv-07314-HDV-AGR, 2025 U.S. Dist. LEXIS 20076
(C.D. Cal. Feb. 3, 2025) ..........................................................................14

*Heiting v. Marriott Int'l, Inc.*,
743 F. Supp. 3d 1163 (C.D. Cal. 2024).......................................................24

*Hughes v. Vivint, Inc.*,
No. CV 24-3081-GW-KSx, 2024 U.S. Dist. LEXIS 232423 (C.D.
Cal. July 12, 2024)...............................................................................14, 16

*In re Yahoo Mail Litig.*,
7 F. Supp. 3d 1016 (N.D. Cal. 2014)..........................................................13

*Inman v. Anderson*,
294 F.Supp.3d 907 (N.D. Cal. 2018)...........................................................27

*Kishnani v. Royal Caribbean Cruises Ltd.*,
No. 25-cv-01473-NW, 2025 U.S. Dist. LEXIS 120002 (N.D. Cal.
June 24, 2025).......................................................................9, 14, 26, 27

*Kumandan v. Google LLC*,
No. 19-cv-04286-BLF, 2022 U.S. Dist. LEXIS 247427 (N.D. Cal.
Dec. 16, 2022) .......................................................................................13

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ...............................................................................13

*Makaryan v. Volkswagen Grp. of Am., Inc.*,
No. CV 17-5086 PA (KSX), 2017 WL 6888254 (C.D. Cal. Oct. 13,
2017) ....................................................................................................17

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
647 F.3d 1218 (9th Cir. 2011)...............................................................20, 21

*Maya v. Centex Corp.*,
658 F.3d 1060 (9th Cir. 2011)...................................................................17

ROPERS MAJESKI
A Professional Corporation
Los Angeles

*Mikulsky v. Noom, Inc.*,
682 F. Supp. 3d 855 (S.D. Cal. 2023) .......... 13

*Mitchener v. Curiositystream, Inc.*,
815 F. Supp. 3d 845 (N.D. Cal. 2025) .......... 14

*Moledina v. Marriott Int'l, Inc.*,
635 F. Supp. 3d 941 (C.D. Cal. 2022) .......... 23

*Moody v. Textron Inc.*,
No. 2:25-cv-01032-MWC-E, 2025 U.S. Dist. LEXIS 199239 (C.D. Cal. Sep. 24, 2025) .......... 21, 23

*Phillips v. United States Customs & Border Prot.*,
74 F.4th 986 (9th Cir. 2023) .......... 16

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) .......... 15, 16

*Rodriguez v. Autotrader.Com, Inc.*,
No. 2:24-cv-08735-RGK-JC, 2025 U.S. Dist. LEXIS 47308 (C.D. Cal. Mar. 14, 2025) .......... 16

*Roe v. CoreCivic, Inc.*,
823 F.Supp.3d 1137 (S.D. Cal. 2026) .......... 28

*Rounds v. Case-Mate Inc.* (C.D. Cal. July 2, 2025) .......... 22

*Rounds v. Case-Mate Inc.*,
No. 2:24-cv-08531-WLH-RAO, 2025 U.S. Dist. LEXIS 126431 (C.D. Cal. July 2, 2025) .......... 20

*Safe Air For Everyone v. Meyer*,
373 F.3d 1035 (9th Cir. 2004) .......... 12

*Schallert v. Laird Superfood, Inc.*,
No. 2:25-cv-12407-SPG-PVC, 2026 U.S. Dist. LEXIS 126589 (C.D. Cal. June 5, 2026) .......... 9, 14

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) .......... 18, 19, 20, 23

*Segal v. Segel*,
2022 U.S. Dist.LEXIS 11832 (S.D. Cal. 2022) .......... 28

ROPERS MAJESKI
A Professional Corporation
Los Angeles

*Shabanets v. ZF TRW Auto. Holdings Corp.*,
2020 U.S. Dist. LEXIS 258156 (C.D. Cal. 2020) .......... 19

*Shroyer v. New Cingular Wireless Servs., Inc.*,
622 F.3d 1035 (9th Cir. 2010) .......... 24

*Simon v. E. Kentucky Welfare Rights Org.*,
426 U.S. 26 (1976) .......... 17

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) .......... 12, 13, 15

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) .......... 12, 13, 15, 17

*United States v. Forrester*,
512 F.3d 500 (9th Cir. 2008) .......... 15

**STATE CASES**

*Casillas v. Transitions Optical, Inc.*,
No. 23STCV30742, 2024 Cal.Super.LEXIS 70523 (Cal. Super. Sept. 9, 2024) .......... 25

*Friddle v. Epstein*,
16 Cal.App.4th 1649 (1993) .......... 25

*Licea v. Hickory Farms LLC*,
No. 23STCV26148, 2024 Cal.Super. LEXIS 66498 (Cal. Super. Mar. 13, 2024) .......... 25

*Mejia v. Reed*,
31 Cal.4th 657 .......... 25

*Price v. Headspace, Inc.*,
No. 24STCV19921, 2025 Cal. Super. LEXIS 27951 (Cal. Super. April 1, 2025) .......... 26

*Sanchez v. Cars.com*,
No. 24STCV13201, 2025 Cal.Super.LEXIS 710 (Cal. Super. Jan. 27, 2025) .......... 25

**STATE STATUTES**

Cal. Civ. Proc. Code § 410.10 .......... 19

ROPERS MAJESKI
A Professional Corporation
Los Angeles

Cal. Penal Code § 638.50(c) ........................................ 26

Cal. Penal Code § 637.2 ........................................ 25

Cal. Penal Code § 638.51 ........................................ passim

**FEDERAL RULES**

Fed. R. Civ. Proc. 8(a) ........................................ 11, 27

Fed. R. Civ. Proc. 12(a)(2) ........................................ 27, 28

Fed. R. Civ. Proc. 12(b)(1) ........................................ 12

Fed. R. Civ. Proc. 12(b)(2) ........................................ 18

Fed. R. Civ. Proc. 12(b)(6) ........................................ 24

ROPERS MAJESKI
A Professional Corporation
Los Angeles

ROPERS MAJESKI
A Professional Corporation
Los Angeles

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This First Amended Complaint ("FAC") is just another cookie-cutter complaint that Plaintiff Milan Hassid's counsel has filed against over a hundred companies in federal court on a grossly expanded definition of a "trap and trace" device under the California Invasion of Privacy Act ("CIPA").[1] As such, it is bereft of factual allegations with enough specificity to establish that Hassid has Article III standing, that this Court has specific personal jurisdiction over the moving Defendants, and that each Defendant engaged in activity that plausibly violated CIPA's trap and trace law (Cal. Penal Code § 638.51). The Court should not permit this type of pleading and dismiss it, adding to the litany of case law dismissing Hassid's counsel's complaints because they are fatally flawed.

The purpose of Article III is to ensure that actual controversies are decided by federal courts, not trumped-up alleged violations of privacy statutes that have no common-law sibling or injury-in-fact. Hassid cannot haul every non-domestic corporation and organization into the federal courts of California simply because he visits a website that he claims violates CIPA's trap and trace law. As a federal court in this District has pointed out, "there is a point at which all reasonable people should agree the practice has gone too far." That point has long passed.

## II. SUMMARY OF THE FIRST AMENDED COMPLAINT'S ALLEGATIONS

On April 3, 2026, Hassid filed the FAC, naming for the first time TBC, LMGL, and MLLG, LLC, and LC A&A Holdings, Inc. as defendants in this action. As to each of the new defendants, the FAC contains little to no information about

[1] Hassid's counsel's flood of litigation is well documented in numerous federal court decisions. *Kishnani v. Royal Caribbean Cruises Ltd.*, No. 25-cv-01473-NW, 2025 U.S. Dist. LEXIS 120002, at *3 (N.D. Cal. June 24, 2025) ("In this year alone, counsel for Plaintiff, Tauler Smith LLP, has filed at least fifteen substantively identical cases in a California federal district court."); *Schallert v. Laird Superfood, Inc.*, No. 2:25-cv-12407-SPG-PVC, 2026 U.S. Dist. LEXIS 126589, at *5 (C.D. Cal. June 5, 2026) (granting judicial notice of 35 complaints that Hassid's counsel has filed against other companies ).

them or what they allegedly did to put them on notice of Hassid's claims against them. Instead, for each new defendant, Hassid made a single, conclusory allegation that, "upon information and belief," the defendant had, at an unknown time, acquired, owned, and controlled the assets "related" to www.alexandani.com (the "Website"), whatever that means. (ECF No. 57 at 3 [First Amend. Compl. ¶¶ 6-9].) For example, with respect to TBC, Hassid alleged TBC "is, upon information and belief, a New York limited liability company that, at various times during [January 1, 2022 to present], owned, controlled, foreclosed upon, and/or acquired assets relating to the Website and the Alex and Ani business." (ECF No. 57 at 3 [First Amend. Compl. ¶ 5].) The same type of conclusory allegation is also alleged against the other new defendants. (ECF No. 57 at 3 [First Amend. Compl. ¶¶ 5-9].) After pleading these conclusory allegations about Defendants, Hassid then asserts that "[d]uring [January 1, 2022 to present, *one or more* Defendants owned, operated, maintained, administered, marketed, or controlled [www.alexandani.com] and its associated digital infrastructure." (ECF No. 57 at 4 [First Amend. Compl. ¶ 15] (emphasis added).)

Based solely on these allegations, Hassid collectively pled a single CIPA cause of action against Defendants without specifying what each Defendant actually did. In particular, although Hassid acknowledged that Defendants did not simultaneously own "assets related to the Website," and admitted he had no idea when each Defendant allegedly owned the assets, Hassid pled, collectively, that "Defendants installed on the Website software created by TikTok in order to identify website visitors (the 'TikTok Software')." (ECF No. 57 at 4 [First Amend. Compl. ¶ 16].) Hassid then alleged that he visited the Website only once, on September 16, 2024. (ECF No. 57 at 4 [First Amend. Compl. ¶ 16].)

After setting forth these basic and conclusory allegations, Hassid (or, more appropriately, his counsel) pled generic allegations about TikTok's software, which is a popular and ubiquitous website technology, claiming it is an illegal "trap and

ROPERS MAJESKI
A Professional Corporation
Los Angeles

ROPERS MAJESKI
A Professional Corporation
Los Angeles

trace" device under California Penal Code section 638.51. Specifically, Hassid alleges that the TikTok software gathers and sends "device[,] browser[,] [and] geographic information" (i.e., IP addresses) as well as "referral tracking[] and URL tracking" (i.e., information about a website that directed a visitor to the Website) to TikTok so it can "identify website visitors." (ECF No. 57 at 4-5 [First Amend. Compl. ¶¶ 16, 18, 24].) In addition to this data, Hassid alleged that when website visitors voluntarily provide information to Defendants, "such as name, date of birth, and address," TikTok scrapes this information to isolate an individual for advertising purposes. (ECF No. 57 at 5 [First Amend. Compl. ¶ 20].)

But crucially, Hassid does not allege any specific factual allegations related to his visit to the Website. He does not affirmatively allege what information the TikTok software captured from him and whether he even had a reasonable expectation of privacy, whether he was referred to the Website from another site (such as within his TikTok account), his motive for visiting the Website, what Website pages he visited, or that he received targeting advertisement from TikTok as a result. He also does not affirmatively allege that he provided any information to Defendants, such as his name, date of birth, or phone number, nor that this information was actually sent to TikTok. **Hassid also alleges, without a shred of evidence, that the Chinese government can access such data through TikTok.** (ECF No. 57 at 5 [First Amend. Compl. ¶ 24].)

Premised on these allegations, Hassid has asserted a single cause of action against Defendants under CIPA, alleging that the TikTok software is an illegal "trap and trace" device under California Penal Code section 638.51. Hassid's cookie-cutter allegations, however, are fatally flawed. They do not support Article III standing, establish personal jurisdiction over these Defendants, or that the TikTok software qualifies as a "trap and trace" device. They also fail to meet even Federal Rule of Civil Procedure 8's basic pleading requirements.[2] As such, the Court must

[2] As this District has recognized, "when the goal is to file as many lawsuits as possible in the least

dismiss the FAC.

## III. LEGAL ARGUMENT

### A. The FAC Must Be Dismissed Because Hassid Lacks Article III Standing.

First and foremost, the Court should dismiss the FAC because Hassid has not alleged a concrete injury that is fairly traceable to each Defendant's conduct. A party may move to dismiss a complaint under Rule 12(b)(1) if the plaintiff lacks standing. Fed. R. Civ. P. 12(b)(1). To establish Article III standing, three elements must be shown. "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). At the pleading stage, "the plaintiff must clearly allege facts demonstrating each element." *Id*. Moreover, "standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

A defendant may challenge a plaintiff's Article III standing by a facial attack. *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. Defendants facially attack Hassid's ability to satisfy Article III standing.

#### 1. Hassid Has Not Pled An Injury In Fact.

Hassid's alleged injury is not sufficient to establish Article III standing. To

---

amount of time, it is far easier and cheaper to copy and paste a complaint over and over again, and to write the original template in such a way that hardly anything needs to be swapped out. Sometimes a plaintiff can get away with this, particularly if a defendant is willing to offer a quick cash settlement. But other defendants may not roll over so easily, and raise some fundamental questions, not least: Why is the entire complaint written at such a high level of generality that it could apply word-for-word to the dozens of other businesses this law firm is suing? And surely, whatever one's views on the propriety of copying and pasting from boilerplate pleadings, there is a point at which all reasonable people should agree the practice has gone too far." *Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1060 (C.D. Cal. 2023).



ROPERS MAJESKI
A Professional Corporation
Los Angeles

ROPERS MAJESKI
A Professional Corporation
Los Angeles

demonstrate an injury in fact, Hassid must show an injury that is "concrete, particularized, and actual or imminent[.]" *TransUnion LLC*, 594 U.S. at 423. A concrete harm for Article III purposes does not encompass every type of intangible harm. *Spokeo*, *supra,* 578 U.S. at 340-41. Simply because a statute grants a person a statutory right and purportedly authorizes that person to sue to vindicate such right does not "automatically" satisfy the injury-in-fact requirement. *Id*. at 341. Rather, a plaintiff must show he suffered "an invasion of a legally protected interest," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), which must "affect the plaintiff in a personal and individual way," *Spokeo,* 578 U.S. at 339. Hence, just because a plaintiff makes general allegations that a defendant acted unlawfully does not, by itself, confer standing. *TransUnion LLC*, 594 U.S. at 433-434.

Further, when a plaintiff alleges an intangible harm from a statutory violation, the intangible harm must have a "'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC, supra,* 594 U.S. at 424 (citing *Spokeo*, *supra,* 578 U.S. at 341.) While disclosure of private information can form a concrete injury, a plaintiff must show a "legally protectable privacy interest" based on the nature of the information at issue. *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1039 (N.D. Cal. 2014); *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 863 (S.D. Cal. 2023) (finding the plaintiff had not alleged a privacy interest when she alleged she typed her "personal information" into a website). This generally turns on the nature of the injury and whether a plaintiff has a legitimate expectation of privacy. *Kumandan v. Google LLC*, No. 19-cv-04286-BLF, 2022 U.S. Dist. LEXIS 247427, at *37 (N.D. Cal. Dec. 16, 2022) (denying class certification because reasonable expectation of privacy is an individual inquiry that defeats commonality or predominance).

To start with, Hassid's general allegations about the TikTok software's collection of data do not allege a concrete and particularized injury. As noted above, Hassid alleged generally that the TikTok software collects unspecified data,

including device and browser information, geographic information, and referral and URL tracking information. (ECF No. 57 at 4-5 [First Amend. Compl. ¶¶ 16, 18, 24].) These allegations alone are insufficient to allege a concrete harm. *Mitchener v. Curiositystream, Inc.,* 815 F. Supp. 3d 845, 850 (N.D. Cal. 2025). He also alleged that TikTok software captures name, date of birth, and address information. But what is missing are particular allegations specific to him. Hassid does not specify what actual information about Hassid was captured, whether he was aware of the Website's alleged tracking practices, or if he had any reasonable belief he was actually de-anonymized. *Heiting v. Fka Distrib. Co.*, No. 2:24-cv-07314-HDV-AGR, 2025 U.S. Dist. LEXIS 20076, at *7 (C.D. Cal. Feb. 3, 2025) (hereinafter "*Fka Distrib. Co*."). Hassid further fails to allege that he actually entered his name, date of birth, and address information "into any fields on the Website," such that TikTok's software could "capture his personalized information." *Hughes v. Vivint, Inc*., No. CV 24-3081-GW-KSx, 2024 U.S. Dist. LEXIS 232423, at *12 (C.D. Cal. July 12, 2024). And there are no allegations that Defendants misused any allegedly protected information.

Indeed, multiple courts have consistently dismissed Hassid's counsel's cookie-cutter complaints alleging the same generic allegations of "harm." *Mitchener*, 815 F. Supp. 3d at 850 (holding the same allegations do not establish a concrete harm); *Kishnani*, *spura*, 2025 U.S. Dist. LEXIS 120002, at *7 (accord); *Hughes*, 2024 U.S. Dist. LEXIS 232423, at *8 (concluding the "[p]laintiff offers only conclusory allegations regarding [the] [d]efendant's use of the TikTok Software, and such bald allegations of statutory violations are insufficient to confer standing"); *Fka Distrib. Co*., *supra,* 2025 U.S. Dist. LEXIS 20076, at *7 (finding the plaintiff alleges only that she is "a person who visited the [d]efendant's [w]ebsite" and did not "allege any basic facts from which the [c]ourt could infer a concrete injury"); *Schallert*, *supra*, 2026 U.S. Dist. LEXIS 126589, at *14 (holding the "[p]laintiff's allegation that the website took his 'routing, addressing, and

ROPERS MAJESKI
A Professional Corporation
Los Angeles

signaling information' is conclusory, parroting the language of the statutory definition of a 'trap and trace device' without providing any detail about [the] [p]laintiff's actual injury"). Accordingly, Hassid has failed to allege any concrete and particularized harm that he suffered.

But beyond this, Hassid does not allege the invasion of a legally protected right based on the information he claims TikTok's software captures. *Spokeo* and *Ramirez* require courts to look to the specific underlying harm experienced by the plaintiff and compare it, in detail, to a specific common-law tort. *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025). Undoubtedly, Hassid will argue that his harm is analogous to the common-law privacy torts of intrusion upon seclusion and public disclosure of private facts. But to show intrusion upon seclusion or public disclosure of private facts, Hassid has to show that the information collected or disclosed is "highly offensive to a reasonable person." *Id.* at 791. That is not the case here.

Hassid's allegations that TikTok's software, in general, captures "device[,] browser[,] [and] geographic information" (i.e., IP addresses), as well as "referral tracking[] and URL tracking," fall well short of alleging a protected privacy interest that, if disclosed, is highly offensive to a reasonable person. The monitoring of Hassid's interaction with the Website is not "remotely similar to 'highly offensive' interferences or disclosures that were actionable at common law." *Id.* Nor is the collection and disclosure that a device at an IP address visited a defendant's website. *Carolus v. Nexstar Media Inc.*, No. 24-cv-07790-VC, 2025 U.S. Dist. LEXIS 92707, at *2 (N.D. Cal. Apr. 9, 2025) (holding a defendant's acquisition that "a given device visited [the defendant's] website and the general location of that device, including what zip code it's in . . . does not cause the kind of harm that can be vindicated in federal court"); *United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008) (recognizing "[i]nternet users have no expectation of privacy in the IP addresses of the websites they visit").



ROPERS MAJESKI
A Professional Corporation
Los Angeles

Further, while Hassid makes a general allegation that the TikTok software scans every website, *as opposed to the Website*, for "name, date of birth, and address" information, which is then allegedly sent to TikTok, as noted above, **Hassid does not allege his information was collected**. *Hughes*, 2024 U.S. Dist. LEXIS 232423, at *12. Additionally, the Ninth Circuit has already rejected that the retention of a plaintiff's basic information, such as a name, a birthday, and addresses, "is so sensitive that another's access to that information 'would be highly offensive to a reasonable person,' [citations omitted], or otherwise gives rise to reputational harm or injury to privacy interests." *Phillips v. United States Customs & Border Prot.*, 74 F.4th 986, 996 (9th Cir. 2023); *see also Popa, supra,* 153 F.4th at 793 (reaffirming the analysis contained in *Phillips*). This is because "[a] person's 'name, address, date and place of birth . . .' are not 'generally considered 'private.''" *Phillips,* 74 F.4th at 996 (quoting *Russell v. Gregoire*, 124 F.3d 1079, 1082, 1094 (9th Cir. 1997) (citation omitted).

Lastly, Hassid's conclusory allegations fail to plausibly suggest he had a reasonable expectation of privacy in this information. *Rodriguez v. Autotrader.Com, Inc*., No. 2:24-cv-08735-RGK-JC, 2025 U.S. Dist. LEXIS 47308, at *6 (C.D. Cal. Mar. 14, 2025) (holding because the plaintiff "had expected an invasion of privacy, she cannot claim that she had a reasonable expectation to privacy, and therefore lacks an injury in fact sufficient to establish standing"). This is because Hassid was searching for websites that used the TikTok software to file these specious claims against businesses. His counsel has filed hundreds of similar lawsuits against businesses, and Hassid himself filed the same lawsuit against another company last year. (*See* RJN, Exs. A-C); *Byars v. Sterling Jewelers, Inc*., 2023 WL 2996686, at *4, fn 4 (C.D. Cal. Apr. 5, 2023) (dismissing privacy claims for lack of standing because the serial plaintiff had no expectation of privacy). A person cannot invite an invasion of privacy and then, at the same time, claim a reasonable expectation to privacy.

ROPERS MAJESKI
A Professional Corporation
Los Angeles

Accordingly, Hassid has failed to allege an injury-in-fact that satisfies Article III's requirement that Hassid must have suffered a "concrete, particularized, and actual" injury. *TransUnion LLC*, *supra*, 594 U.S. at 423

### 2. Hassid Has Not Pled A Concrete Harm That Is Fairly Traceable To Each Defendants' Conduct.

Hassid also failed to allege a harm that is fairly traceable to the newly added Defendants. Article III "requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party . . . ." *Simon v. E. Kentucky Welfare Rights Org*., 426 U.S. 26, 41–42 (1976). "The 'fairly traceable' leg of standing is no less essential to the 'irreducible constitutional minimum' of standing than the injury leg." *Daniel v. Nat'l Park Serv*., 891 F.3d 762, 767 (9th Cir. 2018) (citations omitted).

To meet this standard, a plaintiff must establish a "line of causation" between that specific defendant's action and the alleged harm that is more than "attenuated." *Maya v. Centex Corp*., 658 F.3d 1060, 1070 (9th Cir. 2011). "In cases where a chain of causation 'involves numerous third parties' whose 'independent decisions' collectively have a 'significant effect' on plaintiffs' injuries, the Supreme Court and this court have found the causal chain too weak to support standing at the pleading stage." *Id*. (citing *Allen v. Wright*, 468 U.S. 737, 759 (1984); *see also Makaryan v. Volkswagen Grp. of Am., Inc*., No. CV 17-5086 PA (KSX), 2017 WL 6888254, at *6 (C.D. Cal. Oct. 13, 2017) ("[T]he underlying theme of [cases discussing standing] is that the plaintiff's injuries must be caused by actions of a defendant, and not those of the plaintiff or third parties.") (alterations original) (quoting *Cal. Attys. for Criminal Justice v. Butts*, 922 F. Supp. 327, 332 (C.D. Cal. 1996)).

Hassid's generic allegations regarding each newly added Defendant do not meet this standard. Crucially, Hassid failed to plead how his conclusory allegation that each Defendant, at some unknown point in time, "owned, controlled,

foreclosed upon, and/or acquired assets relating to the Website," is traceable to his alleged injury. For example, Hassid's allegation that LC A&A Holdings Inc. held a "security interest in the assets of Alex and Ani" does not establish that LC A&A Holdings Inc. installed the TikTok software, or even had control over it, at the time Hassid allegedly visited the Website on September 16, 2024. (ECF No. 57 at 3 [First Amend. Compl. ¶ 9].) The same is true with respect to Hassid's allegation that TBC foreclosed on "assets relating to the Website" at some unknown point in time. (ECF No. 57 at 3 [First Amend. Compl. ¶ 6].) TBC's foreclosure on "assets relating to the Website" does not mean Hassid's alleged harm from visiting the Website on September 16, 2024, is traceable to TBC's actions. And generic allegations that LMGL and MLLG controlled "assets relating to the Website" at "various times" do not establish the causal link necessary to fairly trace Hassid's harm to their specific actions rather than to some third party. (ECF No. 57 at 3 [First Amend. Compl. ¶¶ 7-8].)

Hassid cannot simply lump each Defendant together and make generic allegations about each Defendant's security interests in unidentified assets to satisfy Article III's fairly traceable leg of standing. He must actually allege how each Defendant's specific actions are causally linked to his alleged injury. In this regard, he has utterly failed to, and the mere fact that the newly added Defendants had a security interest or controlled "assets relating to the Website" is too "attenuated" to satisfy this requirement.

**B. Defendants Should Be Dismissed From This Action Because Hassid Failed To Plead Sufficient Facts To Establish Personal Jurisdiction Over Them.**

Besides not satisfying Article III's standing requirements, the Court should dismiss this action against Defendants because Hassid failed to plead sufficient facts to establish personal jurisdiction over them. On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of establishing that jurisdiction is proper. *Schwarzenegger v. Fred Martin Motor Co.*,

ROPERS MAJESKI
A Professional Corporation
Los Angeles

374 F.3d 797, 800 (9th Cir. 2004). When the motion under Rule 12(b)(2) challenges the sufficiency of the allegations pled, a plaintiff cannot "simply rest on the bare allegations of its complaint." *Amba Mktg. Sys. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).

Here, there is no applicable federal statute that governs personal jurisdiction. As such, the Court is to apply the law of the state in which it sits, in this case, California. *Schwarzenegger*, 374 F.3d at 800. "California's long-arm statute is coextensive with federal due process requirements." *Id*. at 800-801; Cal. Civ. Proc. Code § 410.10. The jurisdictional analyses under state law and federal due process are the same. *Schwarzenegger*, 374 F.3d at 800.

### 1. Hassid's Allegations Do Not Establish General Jurisdiction Exists Over Defendants.

The Supreme Court recognizes two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017). General jurisdiction exists over a corporate defendant only where it is "essentially at home"—typically at its place of incorporation or principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 137. Here, the FAC does not establish that any of the moving Defendants are "at home" in California. Specifically, Hassid admits that TBC is a New York limited liability company, LMGL is a Delaware limited liability company, MLLG is a Delaware limited liability company, and LC A&A is a Delaware corporation. (ECF No. 57 at 3 [First Amend. Compl. ¶¶ 6-9].)

Further, the FAC does not allege that any moving Defendant has its principal place of business in California, nor does it allege that any moving Defendant maintains California offices, employees, or property in California. Thus, under *Daimler*, the FAC has failed to allege that these entities are plainly "at home" in California. *See Shabanets v. ZF TRW Auto. Holdings Corp.*, 2020 U.S. Dist. LEXIS

ROPERS MAJESKI
A Professional Corporation
Los Angeles

258156 (C.D. Cal. 2020) (dismissing a Delaware holding company headquartered in Michigan for lack of general jurisdiction in California, where the entity had "no employees, management personnel, officers, or directors in California"). Accordingly, the FAC fails to establish general jurisdiction over any moving Defendant.

**2. Hassid's Conclusory Allegations About Defendants' Conduct Do Not Satisfy Specific Jurisdiction.**

Without general jurisdiction, Hassid must establish specific jurisdiction over the moving Defendants, which he cannot. For specific jurisdiction to exist, the Ninth Circuit applies a three-part test: (1) "the non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or resident thereof, or purposefully avail itself of the privilege of conducting activities in the forum"; (2) "the claim must arise out of or relate to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must be reasonable." *Schwarzenegger*, 374 F.3d at 802. Hassid bears the burden of "satisfying the first two prongs." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011)

**a. Hassid does not sufficiently allege that the moving Defendants purposefully directed their activities at this forum.**

The Court should dismiss Hassid's FAC because he failed to allege sufficient factual information that each moving Defendant directed their activities at California. In this case, because Hassid asserts a statutory violation under CIPA that "sound[s] in tort," the purposeful direction analysis applies to the first prong. *Id.*; *Rounds v. Case-Mate Inc.*, No. 2:24-cv-08531-WLH-RAO, 2025 U.S. Dist. LEXIS 126431, at *11 (C.D. Cal. July 2, 2025) (applying purposeful direct analysis test to a statutory violation of CIPA because it is rooted in establishing intentional tort-like act). To analyze whether a defendant purposefully directed their activities at a forum, a district court applies the "effects test." *Yahoo! Inc.*, *supra*, 433 F.3d at

ROPERS MAJESKI
A Professional Corporation
Los Angeles

1206. The effects test requires that 'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Yahoo!*, 433 F.3d at 1206).

When applying the effects test to a website-based claim, operating a website alone is insufficient. *Cybersell, Inc. v. Cybersell, Inc*., 130 F.3d 414, 418 (9th Cir. 1997). Rather, "something more" is required. *Mavrix Photo, Inc. v. Brand Techs*., Inc., 647 F.3d 1218, 1229 (9th Cir. 2011). Such factors include the interactivity of the defendant's website, [citations omitted]; the geographic scope of defendant's commercial ambitions, [citations omitted]; and whether the defendant 'individually targeted' a plaintiff known to be a forum resident; [citations omitted]." *Briskin v. Shopify, Inc*., 135 F.4th 739, 757 (9th Cir. 2025).

In this case, Hassid has failed to allege specific facts about each moving Defendant's conduct that would permit this Court to assert personal jurisdiction over them. The only allegation Hassid pled about the newly added Defendants to demonstrate specific jurisdiction is pled "on information and belief" and is entirely conclusory. Specifically, Hassid alleges:

> This Court has personal jurisdiction over each Defendant because, *on information and belief*, each Defendant purposefully directed activities toward the Central District of California through the ownership, operation, administration, marketing, and/or control of www.alexandani.com (the "Website"), which conducts substantial business with California residents.

(ECF No. 57 at 3 [First Amend. Compl. ¶ 2] (emphasis added).)

This type of bare allegation is simply insufficient to establish that the moving Defendants committed intentional acts expressly aimed at California. Nor has Hassid alleged any specific factual allegations that the moving Defendants individually operated the Website, installed or authorized TikTok software, collected data from California consumers, or engaged in any California-directed



ROPERS MAJESKI
A Professional Corporation
Los Angeles

marketing. *See Moody v. Textron Inc.,* No. 2:25-cv-01032-MWC-E, 2025 U.S. Dist. LEXIS 199239, at *11 (C.D. Cal. Sep. 24, 2025) (applying *Briskin* and holding the complaint's allegation that the plaintiff utilized the website that allegedly transmitted data to third-party sources lacked the necessary "allegation that it was [the] [d]efendant's own choice that caused its contacts with California").

Indeed, Hassid's counsel's conclusory allegations have already been rejected in this District on similar grounds. In *Rounds v. Case-Mate Inc*. (C.D. Cal. July 2, 2025), Hassid's counsel brought an essentially identical claim to this one: a CIPA cause of action based on TikTok software collection. *Rounds*, No. 2:24-CV-08531-WLH-RAO, 2025 WL 1873999, at *2, *5-6. Like in this case, the plaintiff alleged that he "visited [d]efendant's Website [a specific date]," while "physically located in the state of California," and that the "TikTok [s]oftware had already been installed and was operational." *Id.* However, the court held under *Briskin* that this allegation was insufficient to establish specific jurisdiction because it did not "plausibly allege that [defendant] purposefully directed its conduct at California." *Id.* Nor did the court allow Hassid's counsel to bootstrap personal jurisdiction by pointing to TikTok's conduct. As the court explained, whether a "[d]efendant has a contractual relationship with TikTok - and whether it obtains benefits from this relationship . . . is irrelevant to the jurisdictional inquiry." *Id*. at 19; *Boschetto v. Hansing,* 539 F.3d 1011, 1017 (9th Cir. 2008) ("[A] contract alone does not create minimum contacts with the plaintiff's forum.").

Moreover, to the extent Hassid attempts to analogize his allegations to *Briskin*, there is simply no comparison. In *Briskin*, the Ninth Circuit emphasized that the defendant, Shopify, Inc., was a global company and that its business model affirmatively targeted all 50 states with the intent to cultivate and exploit a nationwide audience. *Briskin*, 135 F.4th at 755-756. It was also relevant that the plaintiff alleged Shopify's business model was to perform payment processing services for merchants in California and to obtain valuable personal data about



ROPERS MAJESKI
A Professional Corporation
Los Angeles

ROPERS MAJESKI
A Professional Corporation
Los Angeles

California consumers for its own commercial gain. *Id*. None of these factors is present here. Hassid's sole theory against the moving Defendants is that at some point in time, they "owned, controlled, foreclosed upon, and/or acquired assets" relating to the Website and the Alex and Ani business, or held secured interests or intellectual property. These attenuated, asset-level allegations bear no resemblance to Shopify's conduct that supported specific jurisdiction in *Briskin*.

Further, there are no allegations that any of the moving Defendants knew Hassid was a California resident. Hassid does not allege that the moving Defendants entered into any contract with him, including the sale or shipment of products to him in California. Nor does he allege that Defendants knew his device was in California when he accessed the Website, or that he was even in California at the time. *C.f. Briskin, supra,* 135 F.4th 739, 756, fn. 13 (9th Cir. 2025) (finding relevant that Shopify knew that the consumer [was] in California before it actually transact[ed] the payment). Simply put, the Complaint "alleges no reason for the contact between [Hassid] and Defendant[s] other than [his] choice to utilize the website, lacking an allegation that it was [the moving Defendants'] own choice that caused its contacts with California." *Moody*, 2025 U.S. Dist. LEXIS 199239, at *11; *see also Moledina v. Marriott Int'l, Inc*., 635 F. Supp. 3d 941, 950 (C.D. Cal. 2022) (granting motion for judgment on the pleadings for lack of personal jurisdiction for a CIPA claim because the plaintiff's unilateral decision to reach out of California to contact the defendant, without more, cannot satisfy the express aiming requirement).

**b. Hassid's claim does not arise out of the moving Defendants' alleged California-related activities.**

Aside from failing to establish the first prong, Hassid cannot establish that his claim arises out of or relates to the moving Defendant's forum-related activities. *Schwarzenegger*, 374 F.3d at 802. "The first half of that standard asks about causation; but the back half, after the 'or,' contemplates that some relationships will

support jurisdiction without a causal showing." *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 362, 141 S. Ct. 1017, 1026 (2021). "In the sphere of specific jurisdiction, the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum." *Id*.

Here, the sole allegation about the moving Defendants' contacts anywhere outside their states of organization, let alone with California, is that they "owned, controlled, foreclosed upon, and/or acquired assets" relating to the Website and the Alex and Ani business, or held secured interests or intellectual property. (ECF No. 57 at 3 [First Amend. Compl. ¶¶ 6-9].) This allegation falls well short of plausibly alleging Hassid's CIPA claim arises out of the moving Defendants' alleged forum-related activities. These alleged broader, generic business activities are unrelated to Hassid's alleged privacy-related harm and do not show any relationship between the moving Defendants' general business and his cause of action. *Heiting v. Marriott Int'l, Inc*., 743 F. Supp. 3d 1163, 1171 (C.D. Cal. 2024) (holding broader business contacts with California are unrelated to the plaintiff's alleged privacy-related harm).

Accordingly, Hassid failed to allege facts to support specific personal jurisdiction over the moving Defendants, and the Court must dismiss them from this action.

### C. <u>The Court Should Also Dismiss The FAC Because Hassid Has Failed To State A Claim Under CIPA.</u>

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a claim if it fails to state a claim upon which relief can be granted. To survive dismissal, a complaint must contain sufficient factual matter to state a facially plausible claim to relief; threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Shroyer v. New Cingular Wireless Servs., Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010).



ROPERS MAJESKI A Professional Corporation Los Angeles

**1. Hassid Does Not Allege an Actionable CIPA Injury.**

Hassid's Section 638.51 claim fails for the simple reason that he did not allege an injury sufficient to bring a claim under California Penal Code section 637.2. Section 637.2 only creates a private right of action for a person who "has been injured by a violation of" the statute. At a minimum, Hassid must show that his privacy was invaded by Defendants. *Friddle v. Epstein,* 16 Cal.App.4th 1649, 1660 (1993) (holding that Section 637.2 was intended to provide monetary recovery "for persons whose privacy has been invaded"). Here, Hassid's failure to allege a privacy injury caused by Defendants demonstrates not only his lack of Article III standing (as discussed above), but also his lack of statutory standing to assert a Section 637.2 claim.

**2. Section 638.51 Does Not Apply To The Website.**

California courts have consistently recognized that Section 638.51 does not regulate the collection of internet data. *See, e.g.*, *Sanchez v. Cars.com,* No. 24STCV13201, 2025 Cal.Super.LEXIS 710, at *8 (Cal. Super. Jan. 27, 2025) (dismissing CIPA pen register claim based on alleged "software used by a website to improve its user functionality and the effectiveness of its marketing" because "plain language and legislative intent" do not extend to "internet communications"); *see also Casillas v. Transitions Optical, Inc.,* No. 23STCV30742, 2024 Cal.Super.LEXIS 70523, at *4 (Cal. Super. Sept. 9, 2024) ("Section 638.50 does not address the privacy rights of Internet users.").

The principle is supported by a review of related statutory provisions. *See Mejia v. Reed,* 31 Cal.4th 657, 663 (2003 (holding that related statutory provisions must be read together to give effect to all provisions). Looking at Section 638.52, it is clear that the legislature intended trap and trace devices to be devices that attach to telephone lines. And, recent case law reinforces this interpretation. *See, e.g.*, *Licea v. Hickory Farms LLC,* No. 23STCV26148, 2024 Cal.Super. LEXIS 66498 *7-8 (Cal. Super. Mar. 13, 2024) (dismissing claim under Section 638.51 because

ROPERS MAJESKI
A Professional Corporation
Los Angeles

"[l]egislative updates and commentary continue to explicitly cover cordless and cellular phone technology without reference to internet based communications").

Even if this Court finds Section 638.51 extends to internet-based communications despite the foregoing, the TikTok software at issue explicitly falls outside of the plain meaning of the definition of a "track and trace device." Again, Defendants reference *Kishnani*, a case addressing an almost identical issue involving the same TikTok software. In *Kishnani*, the district court held that the TikTok software at issue was not a "track and trace device" as defined by section 638.50(c). *Kishnani, supra,* 2025 U.S. Dist. LEXIS 120002, at *9-11.

Section 638.51 states that "a person may not install or use a … trap and trace device without first obtaining a court order . . ." Cal. Penal Code § 638.51. A trap and trace device is defined as a "device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." Cal. Penal Code § 638.50(c). As recognized in *Kishnani*, a trap and trace device is one that "captures identifying information ***about*** a communication, ***but not the contents*** of a communication." *Kishnani, supra,* 2025 U.S. Dist. LEXIS 120002, at *9-10 (emphasis added.), citing Cal. Penal Code § 638.50(c); *see also Price v. Headspace, Inc.,* No. 24STCV19921, 2025 Cal. Super. LEXIS 27951, *7 (Cal. Super. April 1, 2025) [3] (holding that for the purposes of Section 638.51, 'trap and trace devices' are designed to capture "information about the 'who,' 'when,' and 'where' of communications – but not the 'what.'").

Here, Hassid alleges that the TikTok Software acts through "fingerprinting" wherein it "collects as much data as it can about an otherwise anonymous visitor to the Website." (FAC ¶17.) Hassid continues that it "gathers device and browser information, geographic information, referral tracking," and that with its "Auto

[3] Another CIPA case filed by the same counsel representing Plaintiff herein.



ROPERS MAJESKI A Professional Corporation Los Angeles

Advanced Matching" technology, it scans every website for information, such as name, date of birth, and address . . . ." (*Id.* at ¶¶18, 20.) As the federal court found in *Kishnani*, any "fingerprint" revealing biographical information is "the content" of the communication between Hassid and the Website. *See Kishnani, supra,* 2025 U.S. Dist. LEXIS 120002, at *10-11. Specifically, the federal court stated:

> Though neither party discusses the distinction between information ***about*** a communication versus information ***within*** a communication, it crystalizes the futility of Plaintiff's suit (and the myriad identical cases Plaintiff's counsel has filed in both federal and state courts). If Defendant only collects information regarding the "metadata" of the communication, Plaintiff's right to privacy is not invaded because he has no expectation of privacy as to that type of data (e.g., his IP address or general geographic location). If Defendant instead collects content information from communication between the parties (e.g., information provided from Plaintiff to Defendant directly), then the TikTok software is not a trap and trace device and § 638.50 does not apply.

*Id.* at *11.

Thus, for these same reasons, Hassid's CIPA claim against Defendants fails as a matter of law.

**D. <u>Hassid's FAC Also Violates Rule 8 Because It Collectively Pled His Allegations Against All Defendants.</u>**

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. Rule 8(a) requires that a pleading that states a claim for relief contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff who sues multiple defendants must allege the basis of his claim against <u>each defendant</u> to satisfy Rule 8. *Flores v. EMC Mortg. Co.,* 997 F.Supp.2d 1088, 1103 (E.D. Cal. 2014); *Gauvin v. Tombatore,* 682 F.Supp. 1067, 1071 (N.D. Cal. 1988). That is, a pleading should "allege what role each Defendant played in the alleged harm[.]" *Inman v. Anderson,* 294 F.Supp.3d



ROPERS MAJESKI
A Professional Corporation
Los Angeles

907, 919 (N.D. Cal. 2018).

The primary purpose of Rule 8(a)(2) is to ensure that a pleading gives each defendant "fair notice of what the claim is and the grounds upon which it rests." *Segal v. Segel,* 2022 U.S. Dist.LEXIS 11832 *13 (S.D. Cal. 2022). To fulfill this requirement, a plaintiff must allege the specific basis of the claim against each individual defendant rather than "lumping" all defendants together in broad non-specific allegations. *Flores, supra;* see also *Roe v. CoreCivic, Inc.,* 823 F.Supp.3d 1137, 1149 (S.D. Cal. 2026).

Hassid's FAC violates Rule 8 because it does nothing more than lump the Defendants together on broadly stated claims. For example, Hassid alleges that "Defendants" installed the TikTok Software on the Website (FAC ¶16); that "Defendants" decided to use TikTok's "Auto Advanced Matching" technology (*Id.* at ¶20); that "Defendants" did not obtain consent or a court order (*Id.* at ¶¶26, 27); and, "Defendants" are therefore liable to Hassid (*Id.* at ¶¶37-43). The term "Defendants" encapsulates not only the moving Defendants, but also Defendant Alex and Ani LLC and all DOE defendants. (*Id.* at ¶12.)

But this type of broad pleading is insufficient. As the Ninth Circuit recognized in *Briskin*, while a plaintiff may allege conduct that is jointly pursued, it does not relieve the plaintiff from identifying the specific claims against each individual defendant. *Briskin*, 135 F.4th at 762. Hence, Hassid must do more than lump each defendant together. He must describe each "company's role in the alleged data collection and monetization scheme, which he alleges violates [CIPA]." *Id*. Accordingly, the FAC should be dismissed for violating Rule 8.

/ / /

/ / /

/ / /

ROPERS MAJESKI
A Professional Corporation
Los Angeles

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss in its entirety and with prejudice.

Dated: July 31, 2026

ROPERS MAJESKI PC

By: ______________________
JENNIFER E. NEWCOMB
TIMOTHY J. LEPORE
Attorneys for Defendants
The Bathing Club LLC, LMGL LLC, MLLG LLC, LC A&A HOLDINGS INC.

## L.R. 11-6 CERTIFICATION

The undersigned, counsel of record for Defendants, certifies that this brief contains 6,706 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 31, 2026

ROPERS MAJESKI PC

By: ______________________
JENNIFER E. NEWCOMB
TIMOTHY J. LEPORE
Attorneys for Defendants
The Bathing Club LLC, LMGL LLC, MLLG LLC, LC A&A HOLDINGS INC.

ROPERS MAJESKI
A Professional Corporation
Los Angeles

ROPERS MAJESKI
A Professional Corporation
Los Angeles

# PROOF OF SERVICE

**CASE NAME: MILAN HASSIC, ET AL. V. ALEX AND ANI, LLC, ET AL.**

**ACTION NO.: 2:25-CV-00679-FMO-AYP**

I, Timothy Lepore, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My firm's business address is 801 South Figueroa St, Suite 2100, Los Angeles, California 90017.

On July 31, 2026, I electronically filed the attached document:

**STIPULATION TO FURTHER EXTEND TIME FOR DEFENDANTS TO RESPOND TO FIRST AMENDED COMPLAINT**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

| | |
|---|---|
| **TAULER SMITH LLP**<br>Narain Kumar<br>Robert Tauler<br>J. Evan Shapiro'<br>626 Wilshire Boulevard, Suite 550<br>Los Angeles, CA 90017<br>310-927-9270<br>nkumar@taulersmith.com<br>rtauler@taulersmith.com<br>eshapiro@taulersmith.com | Attorneys for Plaintiff |
| **GERAGOS AND GERAGOS APC**<br>644 South Figueroa Street<br>Los Angeles, CA 90017-3411<br>213-625-3900<br>tina@geragos.com | Attorneys for LC A&A Holdings, Inc |
| **LAW OFFICE OF ALEXANDRA KAZARIAN**<br>Alexandra Siranush Kazarian<br>644 S Figueroa St<br>Los Angeles, CA 90017-3411<br>213-290-2478<br>ak@alexkazlaw.com | Attorneys for Alex and Ani, LLC |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 31, 2026, at Los Angeles, California.

Timothy J. Lepore

A Professional Corporation
Los Angeles
ROPERS MAJESKI